BRIAN M. KNOFF AND PATRICIA A. KNOFF, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Knoff
Docket No. 19989-90
United States Tax Court
T.C. Memo 1992-624; 1992 Tax Ct. Memo LEXIS 660; 64 T.C.M. (CCH) 1136; October 26, 1992, Filed *660 An order of dismissal for lack of jurisdiction will be entered on the ground that the petition regarding 1986, 1987, and 1988 was not timely filed, and a decision will be entered under Rule 155 with regard to the other years at issue. Brian M. Knoff, pro se. For Respondent: Douglas R. Fortney. DAWSON
DAWSON
MEMORANDUM OPINION DAWSON, Judge: Respondent determined the following deficiencies in and additions to petitioners' Federal income taxes: BRIAN M. KNOFF AND PATRICIA A. KNOFF
Additions to Tax
Sec.
Sec.
Sec.
Sec.
Sec.
Year
Deficiency
6651(a)(1)
6653(a)(1) [1]
6653(a)(2)
6653(b)
6661
1979
$ 5,601.00
$ 1,400
$ 280
--
--
--
1980
5,789.06
1,446
311
--
--
--
1981
7,959.00
--
--
--
$ 3,980
--
1982
8,116.08
606
722
[2]
--
$ 2,029
1983
3,801.00
950
190
[2]
--
--
1984
6,673.00
1,668
334
[2]
--
1,668
1985
7,059.00
1,765
353
[2]
--
1,765
1988
6,339.00
--
317
--
--
--
*661 BRIAN M. KNOFF
Additions to Tax
Sec.
Sec.
Sec.
Sec.
Year
Deficiency
6651(a)(1)
6653(a)(1)(A)
6653(a)(1)(B)
6654
1986
$ 5,743
$ 1,436
$ 287
[1]
$ 278
1987
4,670
1,123
234
[1]
240
PATRICIA A. KNOFF
Additions to Tax
Sec.
Sec.
Sec.
Sec.
Year
Deficiency
6651(a)(1)
6653(a)(1)(A)
6653(a)(1)(B)
6654
1986
$ 2,045
$ 511
$ 102
[1]
$ 99
1987
1,691
378
85
[1]
79
After concessions by respondent, [1] the issues for decision are: (1) Whether respondent's motion to dismiss petitioners' case as to 1986, 1987, and 1988 for lack of jurisdiction should be granted; (2) whether respondent's notices of deficiency for 1979 through 1983 are arbitrary *662 and capricious; (3) whether petitioners understated their income by $ 9,989 for 1982; (4) whether petitioners understated petitioner Brian M. Knoff's wages by $ 7,273 for 1983; (5) whether petitioners are entitled to claimed Schedule E losses of $ 9,530, $ 11,879, and $ 5,400 for 1979, 1980, and 1981, respectively; (6) whether petitioners are entitled to claimed Schedule F losses of $ 10,299 and $ 6,600 for 1979 and 1980, respectively; (7) whether petitioners are entitled to claimed business expenses of $ 3,886 and $ 14,640 for 1981 and 1983, respectively; (8) whether petitioners are entitled to a claimed nonbusiness theft or casualty loss of $ 12,000 with regard to their aircraft for 1981; (9) whether petitioners are entitled to a claimed nonbusiness theft or casualty loss of $ 2,500 with regard to their automobile for 1981; (10) whether petitioners are entitled to claimed itemized deductions of $ 6,556, $ 5,147, $ 22,910, $ 10,406, and $ 2,421 for 1979, 1980, 1981, 1982, and 1983, respectively; (11) whether petitioner Brian M. Knoff's guilty plea to willful failure to file a Federal income tax return for 1982 under section 7203 [2] collaterally estops him from denying the applicability *663 of section 6651(a)(1) and section 6653(a)(1) and (2) for that year; (12) whether petitioners are liable for the section 6651(a)(1) addition to tax for failure to timely file their 1979, 1980, 1982, and 1983 Federal income tax returns; (13) whether petitioners are liable for the additions to tax for negligence or intentional disregard of rules or regulations pursuant to section 6653(a) for 1979 and 1980 and section 6653(a)(1) and (2) for 1982 and 1983; (14) whether petitioner Brian M. Knoff's guilty plea to attempted tax evasion for 1981 under section 7201 collaterally estops him from denying the applicability of the section 6653(b) addition to tax for fraud for that year; and (15) whether petitioners are liable for the addition to tax for substantial understatement pursuant to section 6661 for 1982. *664 For convenience and clarity, we have combined our findings of fact and opinion with respect to each issue. The parties did not file a stipulation of facts in this case. The evidence consisted of the exhibits received at trial and the testimony of petitioner Brian M. Knoff (hereinafter petitioner). General Findings
At the time they filed their petition and amended petition, Brian M. Knoff and Patricia A. Knoff (hereinafter collectively referred to as petitioners), husband and wife, resided in Jacksonville, Texas. Petitioners filed delinquent joint Federal income tax returns for 1979, 1980, 1981, and 1982 on May 17, 1989, and for 1983, 1984, and 1985 on June 19, 1989. On June 7, 1990, respondent mailed joint notices of deficiency to petitioners for 1979 through 1985. On September 4, 1990, petitioners timely filed a petition with respect to those years. Petitioners failed to file Federal income tax returns for 1986 and 1987. They did, however, file a joint return for 1988. Indictment, Guilty Plea, and Lost Records
On April 3, 1986, petitioner was indicted by a grand jury in the United States District Court for the Eastern District of Texas. He was charged with a *665 total of ten counts of violating sections 7201 (tax evasion) and 7203 (failure to file a tax return) for tax years 1979 through 1982. On February 26, 1988, petitioner entered a plea agreement, pleading guilty to violating section 7201 for 1981, and to violating section 7203 for 1982. The remaining counts were dismissed pursuant to the plea agreement. The District Court entered a judgment of guilt and conviction. The District Court's judgment has never been modified or appealed, and is now final. Petitioner was incarcerated at a Federal prison between December 1987, and October 1988. Petitioner contends that he gave a box of records regarding petitioners' 1979 through 1982 tax years to a person or persons representing the grand jury, and that these records were never returned to them. [3] Thus, petitioners claim that when they were directed following their plea agreement to file Federal income tax returns for 1979 through 1982, it was necessary for them to estimate all the income and expense figures on the returns. *666 Deductions are a matter of legislative grace. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Petitioners have the burden of establishing that they are entitled to their claimed deductions, Rule 142(a), and they must substantiate the amounts which gave rise to the claimed deductions. Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976). Their inability to produce their records does not relieve them of their burden of proof. Estate of Mason v. Commissioner, 64 T.C. 651 (1975), affd. 566 F.2d 2 (6th Cir. 1977). Where taxpayers lose their records due to circumstances beyond their control, they still must substantiate their asserted deductions by reconstructing the expenditures through other credible evidence. Secondary evidence may be submitted when an original document is unavailable to prove its contents. See Fed. R. Evid. 1004. The Federal Rules of Evidence are applicable in Tax Court proceedings. Sec. 7453; Rule 143. As stated, petitioners claim that their surrendered tax *667 records were never returned. However, based upon the record before us, we are unable to conclude that respondent's agents negligently lost, failed to return, or withheld any of petitioners' records. Thus, there is no basis upon which to consider whether the burden of going forward should be placed on respondent, and therefore petitioners still have the burden of substantiating their contested deductions. See American Police & Fire Foundation, Inc. v. Commissioner, 81 T.C. 699, 707 (1983); Malinowski v. Commissioner, 71 T.C. 1120, 1125 (1979). The cases cited by petitioners on this point are distinguishable and their arguments are without merit. In this case, regardless of where the records are (or the extent to which these records ever existed), petitioners should have used secondary evidence to substantiate their income and expenses. [4]
*668 We note that while it is within the purview of this Court to estimate the amount of allowable deductions where there is evidence that deductible expenses were incurred, Cohan v. Commissioner, 39 F.2d 540, 544 (2d Cir. 1930), we must have some basis for making an estimate. Williams v. United States, 245 F.2d 559 (5th Cir. 1957). Here petitioners have neither presented evidence that their claimed deductions were incurred nor provided any basis for their estimation. (See issues 5 through 10, infra pp. 14-18.) Employment
Petitioner worked as a pilot for Tenneco, Inc., in Houston, Texas, during 1979, 1980, and 1981. He worked in the same capacity for Mewbourne Oil Company, in Tyler, Texas, between 1982 and June 1983. Mrs. Knoff was not employed during the years in issue. Issue 1: Motion to Dismiss for Lack of Jurisdiction
We begin with the threshold issue of whether this Court has jurisdiction over petitioners' 1986, 1987, and 1988 tax years. Respondent filed a motion to dismiss petitioners' case for those years for lack of jurisdiction on the ground that the petition was not timely filed pursuant to *669 section 6213. As previously stated, petitioners failed to file Federal income tax returns for 1986 and 1987. They did, however, file a joint return for 1988. Respondent mailed separate notices of deficiency to Mr. and Mrs. Knoff for 1986 and 1987, and a joint notice of deficiency to petitioners for 1988. All of these notices were mailed on April 25, 1990, as evidenced by the postmark date stamped on a U.S. Postal Service Form 3877. These notices were sent to petitioners by certified mail, and were addressed to Rt. 2, Box 473, Jacksonville, Texas 75766. The 90-day period for timely filing a petition with this Court expired on July 24, 1990, which date was not a legal holiday in the District of Columbia. Their petition was mailed in an envelope with a private postage meter dated August 30, 1990, and was received and filed on September 4, 1990, 131 days after the 1986, 1987, and 1988 notices of deficiency were sent. To maintain an action in this Court there must be a valid notice of deficiency and a timely filed petition. Secs. 6212 and 6213; Monge v. Commissioner, 93 T.C. 22, 27 (1989); Abeles v. Commissioner, 91 T.C. 1019, 1025 (1988). *670 Section 6213(a) provides, in part, that a petition must be filed with the Tax Court within 90 days from the date a statutory notice of deficiency is mailed to a taxpayer residing in the United States. Mailing a notice of deficiency to a taxpayer's last known address constitutes sufficient notice. Sec. 6212(b)(1). A Form 3877, reflecting postal service receipt, represents direct documentary evidence of the date and the fact of mailing. Magazine v. Commissioner, 89 T.C. 321, 324, 327 (1987). A taxpayer's last known address is that used on his or her most recent return, unless the taxpayer communicates to the Commissioner "clear and concise" notice of a change of address. Alta Sierra Vista, Inc. v. Commissioner, 62 T.C. 367 (1974), affd. without published opinion 538 F.2d 334 (9th Cir. 1976). If a taxpayer does not file a petition within the 90-day period, this Court does not acquire jurisdiction of the case. It is well settled that a notice of deficiency is valid even if it is not received. Tadros v. Commissioner, 763 F.2d 89, 91 (2d Cir. 1985), affg. an *671 unpublished Order of this Court; Zenco Engineering Corp. v. Commissioner, 75 T.C. 318, 321-322 (1980), affd. without published opinion 673 F.2d 1332 (7th Cir. 1981). Respondent mailed the notices of deficiency regarding petitioners' 1986, 1987, and 1988 tax years on April 25, 1990. The Form 3877 in evidence represents proof of the date and fact of mailing. See Magazine v. Commissioner, supra.The notices were mailed to petitioners' last known address, which was the address shown on their joint Federal income tax returns for 1979 through 1985 filed in May and June of 1989, and on their 1988 joint return. See Abeles v. Commissioner, supra at 1031, 1035. They did not provide respondent with any "clear and concise" notice of a different address. See Alta Sierra Vista, Inc. v. Commissioner, supra.They filed their petition on September 4, 1990. It is clear that the petition was untimely because it was filed 131 days after the notices of deficiency were mailed. [5] See sec. 6213(a). Thus, petitioners' petition as to 1986, *672 1987, and 1988 was not timely filed, and respondent's motion to dismiss for lack of jurisdiction as to those years will be granted.[6]
*673 Issue 2. Notices of Deficiency for 1979 through 1983
The second issue is whether respondent's notices of deficiency for 1979 through 1983 are arbitrary and capricious. Petitioners contend that the notices are without foundation and thus the burden of going forward with the evidence should be placed on respondent. Respondent argues to the contrary. A statutory notice of deficiency is entitled to a presumption of correctness that, except where provided in the Internal Revenue Code or the Tax Court Rules of Practice and Procedure, places the burden of proof and the burden of going forward with the evidence on the taxpayer. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). Nevertheless, a showing by a taxpayer that a statutory notice is arbitrary or without foundation has the effect of placing the burden of going forward with the evidence on the Commissioner. Helvering v. Taylor, 293 U.S. 507 (1935); Jackson v. Commissioner, 73 T.C. 394 (1979). When a taxpayer argues that the Court should find a statutory notice of deficiency arbitrary, the taxpayer is asking us to look behind *674 the notice to examine the evidence that the Commissioner used in making the determination. Riland v. Commissioner, 79 T.C. 185, 201 (1982); Jackson v. Commissioner, supra at 400. We generally will not look behind the deficiency notice to examine the procedures leading to the determination. Dellacroce v. Commissioner, 83 T.C. 269, 280 (1984); Greenberg's Express, Inc. v. Commissioner, 62 T.C. 324, 327 (1974). However, we have looked behind the statutory notice in rare cases involving illegal unreported income where the Commissioner did not introduce any substantive evidence, but rested on the presumption of correctness, or when there is substantial evidence of unconstitutional conduct by the Commissioner. United States v. Janis, 428 U.S. 433, 441 (1976); Greenberg's Express, Inc. v. Commissioner, supra at 328. No particular form is required for a valid notice of deficiency, and the Commissioner need not explain how the deficiencies were determined. Campbell v. Commissioner, 90 T.C. 110, 115 (1988). *675 All that is required is that the notice advise the taxpayers that the Commissioner has in fact determined a deficiency and specify the year and amount of the deficiency. Foster v. Commissioner, 80 T.C. 34, 229-230 (1983), affd. in part and vacated in part 756 F.2d 1430 (9th Cir. 1985). Based on the evidence before us, we hold that this is an inappropriate case for looking behind the notice of deficiency or for shifting the burden of going forward with the evidence to respondent. This case does not involve allegations of illegal unreported income. Neither does it contain any evidence of unconstitutional conduct by respondent. In addition, respondent has introduced substantive evidence, rather than solely resting on the presumption of correctness. Thus, we reject petitioners' argument that the notices of deficiency are arbitrary and capricious, and we will not look behind the notices to examine the evidence that respondent utilized in making the determinations. Issue 3. 1982 Miscellaneous Income
The third issue is whether petitioners understated their income by $ 9,989 for 1982. Petitioners contend that they *676 properly reported their income for that year. Respondent disagrees. On their 1982 Federal income tax return, petitioners reported $ 48,000 in wages for petitioner's work with Mewbourne Oil Co. In the notice of deficiency, respondent determined that petitioners received an additional $ 9,989 in unreported miscellaneous income for 1982. Petitioners offered no evidence to rebut this determination. The Commissioner's deficiency determination is presumptively correct and the burden of proof is on the taxpayer to show that it is incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Petitioners have failed to carry their burden of proof, and we therefore sustain respondent's determination on this issue. Issue 4. 1983 Wage Income
The fourth issue is whether petitioners understated petitioner's wages by $ 7,273 for 1983. Petitioners argue that they correctly reported petitioner's wage income for 1983. Respondent disagrees. On their 1983 Federal income tax return, petitioners reported $ 20,000 in wages for petitioner's work with Mewbourne Oil Co. In the notice of deficiency, respondent determined that the correct amount of petitioner's *677 1983 wages was $ 27,273, based on petitioner's Form W-2. Petitioner testified that he was employed by Mewbourne Oil Co., until June 1983, but provided no other evidence regarding the amount of his 1983 wages. Because petitioners have failed to carry their burden of proof on this issue, we sustain respondent's determination. See Rule 142(a). Issue 5. Schedule E Losses
The fifth issue is whether petitioners are entitled to claimed Schedule E Duron Coatings losses of $ 9,530, $ 11,879, and $ 5,400 for 1979, 1980, and 1981, respectively. Respondent argues that petitioners have failed to substantiate these losses. During 1979, 1980, and 1981, petitioner was a distributor for Duron Coatings, a manufacturing company. On Schedules E (Supplemental Income Schedule) attached to their 1979, 1980, and 1981 Federal income tax returns, petitioners claimed losses of $ 9,530, $ 11,879, and $ 5,400, respectively, with regard to Duron Coatings. Petitioners have failed to substantiate either the existence or the amount of these losses. Consequently, we sustain respondent's determination with regard to this issue. See Rule 142(a). Issue 6. Schedule F Losses
The sixth issue is *678 whether petitioners are entitled to claimed Schedule F Pecan Grove losses of $ 10,299 and $ 6,600 for 1979 and 1980, respectively. Again, respondent contends that petitioners failed to provide any evidence regarding these losses. Petitioner testified that petitioners acquired a pecan grove in 1977 consisting of approximately 35 to 40 acres in Jacksonville, Texas. He also testified that they were unable to produce marketable pecans. On Schedules F (Farm Income and Expenses) attached to their 1979 and 1980 Federal income tax returns, petitioners reported losses of $ 10,299 and $ 6,600, respectively, with regard to the pecan grove. Petitioners have failed to produce any records with respect to the pecan grove operation, the existence of any losses from this operation, or the figures that they used to estimate these losses. Because petitioners have failed to carry their burden of proof on this issue, we sustain respondent's determination. See Rule 142(a). Issue 7. Business Expenses
The seventh issue is whether petitioners are entitled to claimed business expenses of $ 3,886 and $ 14,640 for 1981 and 1983, respectively. Respondent contends that petitioners are not entitled *679 to these expenses. On Form 2106 (Employee Business Expenses) attached to their 1981 Federal income tax return, petitioner listed his occupation as a stockholder of Rocky Point International (Rocky Point), and claimed $ 3,886 as employee expenses. On Form 2106 attached to their 1983 Federal income tax return, petitioner listed his occupation as a pilot, and claimed $ 14,640 as employee expenses. A portion of these expenses were listed as legal fees. Petitioner testified that the legal fees involved his defense in the grand jury proceedings. He further testified that none of the $ 14,640 expenses were incurred in connection with his work as a pilot. Once again, petitioners have failed to produce sufficient evidence to substantiate petitioner's employee business expenses. Accordingly, we uphold respondent's determination. Issue 8. Loss of Aircraft
The eighth issue is whether petitioners are entitled to a claimed $ 12,000 nonbusiness theft or casualty loss for 1981 with regard to their aircraft. Respondent argues that they are not entitled to this loss. Prior to 1978, petitioner acquired a Mooney Mark 20 aircraft. Petitioners claimed a nonbusiness theft or casualty *680 loss of $ 12,000 with respect to the Mooney Mark 20 on their 1981 Federal income tax return. Section 165(a) provides for a deduction for a casualty loss which is not compensated for by insurance or otherwise. Petitioners have the burden of proving entitlement to a casualty loss deduction. Welch v. Helvering, 290 U.S. 111, 115 (1933). Petitioners have not submitted any evidence to substantiate this loss other than petitioner's testimony, which we are not bound to accept. See Geiger v. Commissioner, 440 F.2d 688, 689 (9th Cir. 1971), affg. per curiam T.C. Memo. 1969-159. Because petitioners submitted no additional evidence to corroborate petitioner's testimony, we sustain respondent's disallowance of this claimed loss. Issue 9. Loss of Automobile The ninth issue is whether petitioners are entitled to a claimed $ 2,500 nonbusiness theft or casualty loss for 1981 with regard to their automobile. Respondent contends that they are not entitled to this deduction. Petitioners claimed a nonbusiness theft or casualty loss of $ 2,500 with respect to a Volkswagen Dasher on their 1981 Federal *681 income tax return. Beyond petitioners' bare assertion, there is no evidence in the record regarding this loss. Therefore, they have failed to carry their burden of proof. See Rule 142(a). We sustain respondent's determination on this issue. Issue 10. Itemized Deductions
The tenth issue is whether petitioners are entitled to claimed itemized deductions of $ 6,556, $ 5,147, $ 22,910, $ 10,406, and $ 2,421 for 1979, 1980, 1981, 1982, and 1983, respectively. Respondent has disallowed these deductions for lack of substantiation. Petitioners claimed deductions on Schedules A of their 1979, 1980, 1981, 1982, and 1983 Federal income tax returns for items such as interest, taxes, and contributions. They have not presented any evidence to substantiate these deductions. Accordingly, respondent's determination is sustained. Issue 11. Collateral Estoppel and the Failure to File and Negligence Additions to Tax
The eleventh issue is whether petitioner's guilty plea to willful failure to file a Federal income tax return for 1982 under section 7203 collaterally estops him from denying the applicability of section 6651(a)(1) and section 6653(a)(1) and (2) additions to tax *682 for that year. Respondent contends that petitioner is liable for these additions to tax. Petitioner pleaded guilty and was convicted of willful failure to file a Federal income tax return for 1982 pursuant to section 7203. Respondent relies upon the doctrine of collateral estoppel to establish petitioner's liability for the additions to tax under sections 6651(a)(1) and 6653(a)(1) and (2) for 1982. We agree. Under the doctrine of collateral estoppel, a party or his privy to the suit is precluded from relitigating in a later suit on a different cause of action the issues of fact and law which were actually and necessarily decided by the court in reaching its judgment in the first action. United States v. Mendoza, 464 U.S. 154, 158 (1984); Commissioner v. Sunnen, 333 U.S. 591, 597-598 (1948). We note that for purposes of applying the doctrine of collateral estoppel, as well as for other purposes, there is no difference between a judgment of conviction based upon a guilty plea and a judgment of conviction rendered after a trial on the merits. See Arctic Ice Cream Co. v. Commissioner, 43 T.C. 68, 75 (1964). *683 A guilty plea is a conviction which is as conclusive as a jury's verdict, and it enables the court to render judgment and impose its sentence upon the defendant. Kercheval v. United States, 274 U.S. 220, 223 (1927). As a result of petitioner's conviction under section 7203 for 1982, he is collaterally estopped from denying that he had willfully failed to file a return for 1982. See, e.g., Tomlinson v. Lefkowitz, 334 F.2d 262, 266 (5th Cir. 1964); Kotmair v. Commissioner, 86 T.C. 1253, 1263 (1986); Castillo v. Commissioner, 84 T.C. 405, 409-410 (1985); Amos v. Commissioner, 43 T.C. 50, 56 (1964), affd. 360 F.2d 358 (4th Cir. 1965). "Willful" means the voluntary, intentional violation of a known legal duty, United States v. Pomponio, 429 U.S. 10, 12 (1976), and the word willful means the same thing in all of sections 7201 through 7207, United States v. Bishop, 412 U.S. 346 (1973). Section 6651(a)(1) provides that an addition to tax will *684 be imposed when a taxpayer fails to file a return unless it is shown that the taxpayer's failure to accomplish a timely filing is "due to reasonable cause and not due to willful neglect." Thus, we are bound by the doctrine of collateral estoppel and hold that petitioner's conviction under section 7203 conclusively established the fact that his failure to file was not due to reasonable cause and was due to willful neglect. See, e.g., Kotmair v. Commissioner, supra; Castillo v. Commissioner, supra at 409; Gemma v. Commissioner, 46 T.C. 821, 834 (1966); Booher v. Commissioner, T.C. Memo. 1986-475. The doctrine of collateral estoppel is also applicable with regard to the section 6653(a)(1) and (2) addition to tax. See Kotmair v. Commissioner, supra at 1263-1264; Lilley v. Commissioner, T.C. Memo. 1989-602, affd. without published opinion 925 F.2d 417 (3d Cir. 1991). This addition is imposed if any part of the underpayment of tax is "due to negligence or intentional *685 disregard of rules and regulations." Sec. 6653(a)(1). Petitioner's conviction of willful failure to file a return for 1982 under section 7203 establishes without doubt that petitioner: (1) Had the duty to file a return; (2) failed to do so; and (3) his failure to do so was willful. See, e.g., Emmons v. Commissioner, 92 T.C. 342 (1989), affd. 898 F.2d 50 (5th Cir. 1990). In sum, we sustain respondent's determinations with respect to petitioner's 1982 additions to tax pursuant to section 6651(a)(1) and section 6653(a)(1) and (2). Issue 12. Failure to File Addition To Tax
The twelfth issue is whether petitioners are liable for the section 6651(a)(1) addition to tax for failure to timely file their 1979, 1980, 1982, [7] and 1983 Federal income tax returns. Respondent contends that petitioners are so liable. Petitioners disagree. *686 Section 6651(a)(1) imposes an addition to tax for failure to timely file a return (determined with regard to any extension of time for filing) at the rate of 5 percent of the amount of tax due per month up to 25 percent in the aggregate, unless such failure is due to reasonable cause and not due to willful neglect. The term "willful neglect" means a conscious, intentional, or reckless indifference. United States v. Boyle, 469 U.S. 241 (1985). The regulations define "reasonable cause" sufficient to excuse the failure to file a return as the exercise of "ordinary business care and prudence". Sec. 301.6651-1(c)(1), Proced. & Admin. Regs. Whether the late filing of an income tax return is due to reasonable cause or willful neglect is a question of fact. Commissioner v. Walker, 326 F.2d 261, 264 (9th Cir. 1964), affg. on this issue 37 T.C. 962 (1962). The burden of proof is on petitioners. Rule 142(a). Petitioners delinquently filed their 1979, 1980, 1982, and 1983 Federal income tax returns. They did not attempt to prove reasonable cause for their failure to timely file. Accordingly, we *687 sustain respondent's determination that petitioners are liable for the section 6651(a)(1) addition to tax for 1979, 1980, 1982, and 1983. Issue 13. Negligence Additions to Tax
The thirteenth issue is whether petitioners are liable for the additions to tax for negligence or intentional disregard of rules or regulations pursuant to section 6653(a) for 1979 and 1980 and section 6653(a)(1) and (2) for 1982 [8] and 1983. Petitioners argue that they are not so liable. Section 6653(a) for 1979 and 1980 and section 6653(a)(1) for 1982 and 1983 impose an addition to tax if any part of an underpayment of tax is due to negligence or *688 intentional disregard of rules or regulations. Section 6653(a)(2) for 1982 and 1983 imposes an additional amount, but only with respect to the portion of the underpayment attributable to the negligence. Negligence is the lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). Respondent's determination of negligence is presumed to be correct and petitioners have the burden of proving that it is erroneous. Rule 142(a); Luman v. Commissioner, 79 T.C. 846, 860-861 (1982). Petitioners failed to produce any regularly maintained records or documentation of their income and deductions. See sec. 1.6001-1(a), Income Tax Regs. They did not report all of their income, and they also claimed a variety of unsubstantiated and erroneous deductions. Based upon the entire record before us, we conclude that petitioners have failed to show that any part of their determined deficiencies was not due to negligence or intentional disregard of the rules. Thus, we sustain respondent's determinations with respect to the section 6653(a) *689 and section 6653(a)(1) and (2) additions to tax. Issue 14. Collateral Estoppel and the Fraud Addition to Tax
The fourteenth issue is whether petitioner's guilty plea to attempted tax evasion for 1981 under section 7201 collaterally estops him from denying the applicability of the section 6653(b) fraud addition to tax for that year. [9] Petitioner argues that collateral estoppel is not applicable here. Respondent disagrees. As previously stated, petitioner pled guilty and was convicted of attempted tax evasion for 1981 under section 7201. Respondent relies upon the doctrine of collateral estoppel to establish petitioner's liability for the addition to tax for fraud pursuant to section 6653(b) for 1981. If any part of any underpayment for the taxable year is due to fraud, the addition under section 6653(b) will apply, not only to the underpayment attributable to fraud, but *690 to the entire underpayment. For purposes of this section, fraud is the intentional commission of an act or acts for the specific purpose of evading a tax believed to be owing. See Webb v. Commissioner, 394 F.2d 366 (5th Cir. 1968), affg. T.C. Memo. 1966-81; McGee v. Commissioner, 61 T.C. 249 (1973), affd. 519 F.2d 1121 (5th Cir. 1975). A criminal conviction based upon an indictment charging a willful attempt to evade tax in violation of section 7201 necessarily carries with it the ultimate factual determination that part of the deficiency for the tax year involved was due to fraud as encompassed in section 6653(b). Amos v. Commissioner, 43 T.C. 50, 56 (1964), affd. 360 F.2d 358 (4th Cir. 1965). Thus, a prior conviction of a taxpayer in a criminal proceeding under section 7201 is conclusive and binding on the convicted taxpayer so that in a subsequent proceeding the doctrine of collateral estoppel is applicable to preclude him from denying that a part of the underpayment for the same taxable year was due to *691 fraud. Tomlinson v. Lefkowitz, 334 F.2d 262 (5th Cir. 1964); C.B.C. Super Markets, Inc. v. Commissioner, 54 T.C. 882, 893 (1970); Strachan v. Commissioner, 48 T.C. 335 (1967); Arctic Ice Cream Co. v. Commissioner, 43 T.C. 68 (1964); Amos v. Commissioner, supra.[10] Thus, petitioner is collaterally estopped from denying the applicability of the section 6653(b) addition to tax. We therefore hold that he is liable for the section 6653(b) addition to tax for fraud for 1981.
Issue 15. Substantial Understatement *692 Addition to Tax
The final issue is whether petitioners are liable for the addition to tax for substantial understatement pursuant to section 6661 for 1982. Respondent argues that this addition is applicable. Section 6661(a) provides for an addition to tax if there is a substantial understatement of income tax. The amount of the section 6661 addition to tax for additions assessed after October 21, 1986, is equal to 25 percent of the amount of any underpayment attributable to a substantial understatement. Omnibus Budget Reconciliation Act of 1986, Pub. L. 99-509, sec. 8002, 100 Stat. 1951; Pallottini v. Commissioner, 90 T.C. 498, 501-502 (1988). An understatement is substantial if it exceeds the greater of 10 percent of the tax required to be shown on the return or $ 5,000. Sec. 6661(b)(1)(A). The understatement is reduced if it is based on substantial authority or is adequately disclosed on the return or in a statement attached to the return. Sec. 6661(b)(2)(B). It is clear that petitioners failed to report the minimal amount required by section 6661 for 1982. In addition, their understatement for that year was neither based on substantial *693 authority nor adequately disclosed on their return or in a statement attached to their return. We therefore sustain respondent's section 6661 determination. To reflect respondent's concessions and our conclusions on the disputed issues, An order of dismissal for lack of jurisdiction will be entered on the ground that the petition regarding 1986, 1987, and 1988 was not timely filed, and a decision will be entered under Rule 155 with regard to the other years at issue. Footnotes
1. The additions to tax for negligence are codified under sec. 6653(a)↩ for 1979 and 1980. 2. 50% of the interest due on the deficiency.↩
1. 50% of the interest due on $ 5,743 and $ 4,491 for 1986 and 1987, respectively.↩
1. 50% of the interest due on $ 2,045 and $ 1,512 for 1986 and 1987, respectively.↩
1. At trial, respondent conceded the deficiencies and additions to tax for petitioners' 1984 and 1985 tax years. On brief, respondent conceded that petitioners' self-employment tax should not be increased by $ 680 for 1983, and conceded the addition to tax for fraud with regard to petitioner Patricia A. Knoff for 1981. ↩
2. Unless indicated otherwise, all section references are to the Internal Revenue Code in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
3. At trial, petitioner testified that he provided petitioners' tax records to two special agents from respondent's criminal investigation division, who were acting on behalf of the grand jury. On brief, petitioners state that the records were given to special agent, Billy J. Chisenhall, for examination by the grand jury. We are not required to accept a taxpayer's self-serving testimony, particularly in the absence of corroborating evidence. See Geiger v. Commissioner, 440 F.2d 688, 689 (9th Cir. 1971), affg. per curiam T.C. Memo. 1969-159; Urban Redevelopment Corp. v. Commissioner, 294 F.2d 328, 332 (4th Cir. 1961), affg. 34 T.C. 845↩ (1960).
4. We have held that even where a taxpayer's records may have been lost by respondent, the taxpayer still had the burden to produce alternative documents to substantiate his claimed deductions. Mueseler v. Commissioner, T.C. Memo. 1984-583↩.
5. While special rules surround the use of a private metered mail stamp to send a petition, these rules are only relevant to privately metered mail that bears a date within the 90-day period for filing a petition. See sec. 7502(b); sec. 301.7502-1(c)(1)(iii)(b), Proced. & Admin. Regs. In this case the private postage meter date was well after the 90-day period expired. As a result, we need not discuss the above-cited rules. ↩
6. At trial and on brief, respondent stated that, assuming arguendo that the Court is without jurisdiction with respect to petitioners' 1986, 1987, and 1988 tax years, respondent is nonetheless unable to accurately determine petitioners' income for those years, and therefore would not pursue the deficiencies and additions to tax for 1986 through 1988. Thus, respondent informed the Court that the separate assessments for 1986 and 1987 and the joint assessment for 1988 previously made will be abated, and that any filed Federal tax liens with regard to those years will be released.↩
7. Pursuant to Issue 11, supra pp. 18-21, petitioner Brian M. Knoff is collaterally estopped from denying the applicability of sec. 6651(a)(1) for 1982. The doctrine of collateral estoppel applies to parties to a previous litigation and those in privity to them. Montana v. U.S., 440 U.S. 147, 153 (1979). Patricia A. Knoff was neither a party to her husband's criminal case nor was she in privity to a party therein, with respect to the conduct there in question. See Tavery v. United States, 897 F.2d 1032, 1033-1034 (10th Cir. 1990), citing Rodney v. Commissioner, 53 T.C. 287, 307 (1969), which states that there is no privity between parties to a joint return. See also Kroh v. Commissioner, 98 T.C. 383↩ (1992). Thus, the doctrine of collateral estoppel does not apply to Mrs. Knoff, and our discussion and conclusion in this Issue 12 regarding the 1982 addition to tax for failure to file relate only to her.
8. Pursuant to Issue 11, supra pp. 18-21, petitioner Brian M. Knoff is collaterally estopped from denying the applicability of the negligence additions to tax for 1982. However, the doctrine of collateral estoppel does not apply to Mrs. Knoff and our discussion and conclusion above regarding the 1982 additions to tax for negligence relate only to her. See also note 7 supra↩.
9. As stated supra↩ note 1, respondent conceded the addition to tax for fraud with regard to petitioner Patricia A. Knoff for 1981.
10. Again, we note that for purposes of applying the doctrine of collateral estoppel, as well as for other purposes, there is no difference between a judgment of conviction based upon a guilty plea and a judgment of conviction rendered after a trial on the merits. See Arctic Ice Cream Co. v. Commissioner, 43 T.C. 68, 75↩ (1964).