**Mary Ann TAVERY,**
**Plaintiff–Appellant,**

v.

**UNITED STATES of America,**
**Defendant–Appellee.**

**No. 89–1096.**

United States Court of Appeals,
Tenth Circuit.

March 1, 1990.

Mary Ann Tavery, Denver, Colo., pro se.

Shirley D. Peterson, Asst. Atty. Gen., Gary R. Allen, David English Carmack and Kevin M. Brown, Attys., Tax Div., Dept. of Justice, Washington, D.C., for defendant-appellee.

Before LOGAN and MOORE, Circuit Judges, and THOMPSON, District Judge.*

LOGAN, Circuit Judge.

Mary Ann Tavery appeals from the district court's grant of partial summary judgment for the government and dismissal of the remainder of her complaint seeking refund of income taxes paid. She argues on

---

* The Honorable Ralph G. Thompson, Chief Judge, United States District Court for the West-    ern District of Oklahoma, sitting by designation.

appeal that she is not in privity with her husband for purposes of applying res judicata and collateral estoppel in successive litigation over their joint and several income tax liability, and that the Internal Revenue Service (IRS) cannot issue separate notices of deficiency to spouses who have filed joint returns.[1]

Tavery is the wife of William Conklin. Conklin founded the Church of World Peace, Inc. (CWP) in 1977. The church operations were located in the Conklin residence. Conklin and Tavery filed joint income tax returns for the years 1979, 1980, and 1981. In those returns, they claimed deductions for charitable contributions for various donations to the CWP. In addition, they did not report as income certain funds which they received from the CWP, but rather reported them as deductible church expenses.

On April 11, 1985, the IRS issued a notice of deficiency to Tavery based upon five items with respect to the joint returns. Tavery paid the deficiency in its entirety and thereafter filed a claim for a refund of the amounts paid with the IRS. When this claim was disallowed, Tavery filed suit for refund in the United States District Court pursuant to 28 U.S.C. § 1346(a)(1).

On August 12, 1985, the IRS issued a separate notice of deficiency to Conklin based upon the same five items specified in Tavery's deficiency notice, plus four additional items with respect to their joint returns. Conklin filed a petition for redetermination of the deficiency in the Tax Court. Before trial in the Tax Court, Conklin and the IRS, by stipulations and concessions, disposed of all items except the deductions for charitable contributions. The Tax Court disallowed the charitable contribution deductions and made additions to tax pursuant to I.R.C. § 6653(a). *William T. Conklin*, 91 T.C. 41 (1988).

In Tavery's case, the district court granted the government partial summary judgment based on the collateral estoppel

and/or res judicata effect of the Tax Court's decision in Conklin's case. *Tavery v. United States*, 695 F.Supp. 1095 (D.Colo. 1988). Subsequently, the district court dismissed the remainder of Tavery's complaint.

## I

### A

■ First we note that Tavery's husband has also appealed his adverse Tax Court decision. We have considered Conklin's appeal, and issued our opinion in that matter this day, *see Conklin v. Commissioner*, 897 F.2d 1019 (10th Cir.1990). In that decision, we vacated the Tax Court order, holding that the Tax Court should not have reviewed asserted deficiencies that had already been paid by Conklin's wife, Tavery. Because the Tax Court decision has been vacated as to the issues for which Tavery seeks relief from the district court, the decision of the Tax Court does not support the doctrine of collateral estoppel relative to Tavery's claim for a refund. Accordingly, the judgment of the district court must be reversed on that basis.

### B

■ We also reach the same result on an alternate ground. The district court was correct that res judicata and collateral estoppel apply not only to the parties to previous litigation, but also to those in privity with the parties. *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1174–76 (10th Cir.1979). The district court thought that Tavery and Conklin are privies in successive income tax litigation because I.R.C. § 6013(d)(3) makes them jointly and severally liable for the taxes due on their joint returns. But claims against joint obligors are generally regarded as separate and distinct for res judicata purposes. *See generally Restatement (Second) of Judgments* § 49 & comment a (1982). The same is true with respect to the joint and several obligation of spouses filing a joint income tax return. As the Tax Court has stated:

---

**1.** After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.

App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

"[It is a] long-recognized legal principle that a husband and wife are separate and distinct taxpayers even where they have filed a joint Federal income tax return.

... [A] determination for a particular year against a husband who filed a joint return with his wife is not res judicata against the wife for the same year.... [A] wife who files a joint return with her husband is not a party privy to her husband in [income tax] litigation...."

*Henry M. Rodney,* 53 T.C. 287, 307 (1969); *see also Moore v. United States,* 360 F.2d 353, 357–58 (4th Cir.1966) (cited with approval in *Herrington v. United States,* 416 F.2d 1029, 1034 (10th Cir.1969)), *cert. denied,* 385 U.S. 1001, 87 S.Ct. 704, 17 L.Ed.2d 541 (1967).

## II

Tavery also argues that it was improper for the IRS to issue separate deficiency notices to her and Conklin, since they filed joint returns. But the essence of joint and several liability is that "the creditor may sue one or more of the parties to such liability separately, or all of them together at his option." Black's Law Dictionary 751 (5th ed. 1979). The same is true of the joint and several liability of spouses filing a joint income tax return. *See Gordon v. United States,* 757 F.2d 1157, 1160–61 (11th Cir.1985); *Janet S. Ticktin Garfinkel,* 67 T.C. 1028, 1031 (1977); *Marie A. Dolan,* 44 T.C. 420, 426–31 (1965). And we agree with the Tax Court that the language and legislative history of I.R.C. § 6212(b)(2) indicate that "in the case of a deficiency in respect of a joint return, [the Commissioner] may send separate notices or he may send a single joint notice; but if he wishes to send a joint notice and has been notified that the spouses have established separate residences, he must send a duplicate original of the joint notice to each spouse." *Dolan,* 44 T.C. at 433; *accord Pearson v. Commissioner,* 890 F.2d 353 (11th Cir.1989).

REVERSED and REMANDED.