**Richard B. OSBORN, Appellant (Plaintiff),**

v.

**EMPORIUM VIDEOS, (The Emporium); Arthur Greer, Owner; and Ron Sullivan, Manager/Agent, Appellees (Defendants).**

No. 93–146.

Supreme Court of Wyoming.

March 16, 1994.

Richard B. Osborn, pro se.

No appearance for appellees.

Before MACY, C.J., and THOMAS, CARDINE, GOLDEN and TAYLOR, JJ.

MACY, Chief Justice.

Appellant Richard B. Osborn appeals from the district court's order which dismissed his fraud complaint because it did not state a cause of action.

We affirm.

Osborn states these issues:

1. That Wyoming Statute # 40–12–101 thru # 40–12–112 and Title # 34.1 (sales statutes), covers all *"commodities of trade"* from "A" to "Z" (example apples to zippers), even though specific items like "vid[e]os" are not individually mentioned.

2. That courts must enforce a statute *as it is written*, and not insert what the court *"THINKS"* should be in it.

3. That *"implied warranty"* for a *["]particular purpose"* applies to vid[e]os.

4. That to frame a cause of action under Wyoming Statute # 40–12–108, (private remedies), a plaintiff need only show that statute # 40–12–105 (deceptive trade

practices), was violated by defendant, and that plaintiff suffered a loss, as a result.

5. That to frame a cause of action under "FRAUD[,"] a plaintiff need only prove that he was induced into action by a false claim or advertisement committed by defendant, and that plaintiff believed that claim or advertisement was true.

6. That a "pro se litigant" must follow Wyoming Rules of Civil Procedure.

7. That a "manager" cannot represent a store or its owner.

Appellees Emporium Videos, Arthur Greer (the owner), and Ron Sullivan (the manager/agent) did not respond.

The district court dismissed Osborn's complaint upon its own motion because the complaint did not state a cause of action. W.R.C.P. 12(b)(6) ("failure to state a claim upon which relief can be granted"). In our first review of this case, we held that the district court may not, upon its own motion, dismiss a complaint for failure to state a cause of action without first notifying the plaintiff of its intent to do so and without affording an opportunity for the plaintiff to respond. *Osborn v. Emporium Videos*, 848 P.2d 237 (Wyo.1993). Upon remand, the district court gave Osborn such a notice and an opportunity to respond. Osborn responded.

■ The facts are adequately presented in our prior opinion. Video sales may be covered under the Wyoming Consumer Protection Act. Wyo.Stat. §§ 40–12–101 to –209 (1993). However, Osborn failed to suggest in his pleadings that those statutes were applicable to this case. *See* Wade R. Habeeb, Annotation, *Validity, Construction, and Effect of State Legislation Regulating or Controlling "Bait-and-Switch" or "disparagement" Advertising or Sales Practices*, 50 A.L.R.3d 1008 (1973). For the purposes of this opinion, we assign no weight to the fact that the video, on its face, was purported to be pornographic.

■ A court must construe a statute in a manner consistent with the governing rules of statutory construction. *Parker Land and Cattle Company v. Wyoming Game and Fish Commission*, 845 P.2d 1040, 1042–45 (Wyo. 1993). That was achieved in this matter. The implied warranty of fitness for a particular purpose might possibly apply in some instances to a video sale, but it clearly does not apply under Osborn's pleadings. *See* Wyo.Stat. § 34.1–2–315 (1991); and James J. White & Roberts S. Summers, Uniform Commercial Code § 9–10 (3d ed. 1988).

■ Osborn's complaint failed to state a claim for relief for fraud because it did not allege the necessary elements:

> "The elements of a claim for relief for fraud are a false representation made by the defendant which is relied upon by the plaintiff to his damage, the asserted false representation must be made to induce action, and the plaintiff must reasonably believe the representation to be true. A plaintiff who alleges fraud must do so clearly and distinctly, and fraud will not be imputed to any party when the facts and circumstances out of which it is alleged to arise are consistent with honesty and purity of intention. Fraud must be established by clear, unequivocal and convincing evidence, and will never be presumed."

*Lavoie v. Safecare Health Service, Inc.*, 840 P.2d 239, 252 (Wyo.1992) (quoting *Duffy v. Brown*, 708 P.2d 433, 437 (Wyo.1985) (citations omitted)). *See also* W.R.C.P. 9(b); *Husman, Inc. v. Triton Coal Company*, 809 P.2d 796, 799 (Wyo.1991), *after remand*, 846 P.2d 664, *and motion to vacate denied*, 847 P.2d 557 (Wyo.1993); and *Garner v. Hickman*, 709 P.2d 407, 410 (Wyo.1985).

Affirmed.