Veronica FELTNER; Doniv Feltner; and Jason Feltner, Appellants (Plaintiffs),

v.

The CASEY FAMILY PROGRAM; Brenden McKinney; and Bev Lloyd, Appellees (Defendants).

No. 94–207.

Supreme Court of Wyoming.

Sept. 8, 1995.

Sue Davidson, P.C., Cheyenne, for appellants.

Paul J. Hickey and Richard D. Bush of Hickey, Mackey, Evans, Walker & Stewart, Cheyenne, for appellees.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

THOMAS, Justice.

The issue presented in this case is whether Wyoming should recognize a cause of action for claims that are based upon the plaintiff's own illegal acts. The trial court granted a Motion to Dismiss Plaintiff's Complaint filed on behalf of The Casey Family Program, Brenden McKinney, and Bev Lloyd (Casey), pursuant to Wyo.R.Civ.P. 12(b)(6). In their Complaint, Jason Feltner, Veronica Feltner, and Doniv Feltner (Feltners) alleged claims for damages that evolved from Jason's plea of guilty to fourth-degree sexual assault arising out of his engaging in sexual intercourse with JR, a female child who had been placed with the Feltners as a foster child. We hold, on the grounds that public policy forecloses the recognition of such claims, that Wyoming will not recognize a claim for relief which is dependent upon a plaintiff's own illegal conduct, including any claims which are derivative of such claims. There is a collateral issue relating to the dismissal of a claim by Veronica Feltner of a breach of confidentiality and, for failure to brief the issue, we sustain the dismissal of that claim as well. The Order Granting Defendant's Motion to Dismiss is affirmed.

The issues asserted by the Feltners in their Brief for the Appellants are:

I.   Did the District Court abuse its discretion by granting Defendant's Rule 12(b)(6) motion to dismiss with prejudice?

II.  Did the District Court err, as a matter of law, in failing to adopt the rules of legal causation, as set out in the Restatement (Second) of Torts by granting Defendant's 12(b)(6) motion to dismiss with prejudice?

In the Brief of Appellees' The Casey Family Program, Brenden McKinney and Beverly Lloyd, the only issue is stated to be:

A.  Did the District Court err in granting Appellees' motion to dismiss pursuant to W.R.C.P. 12(b)(6) on the basis that Appellants' Complaint failed to state a cognizable cause of action?

■  In addressing on review a dismissal by the trial court pursuant to Wyo.R.Civ.P. 12(b)(6), we accept as true all of the facts alleged in the complaint, and we examine those facts in the light most favorable to the plaintiffs. *E.g., R.D. v. W.H.,* 875 P.2d 26 (Wyo.1994); *Osborn v. Emporium Videos,* 870 P.2d 382 (Wyo.1994); *Herrig v. Herrig,* 844 P.2d 487 (Wyo.1992). In their complaint, the Feltners alleged Veronica and Doniv Feltner had served as foster parents for the Casey Family Program for about eight years. During this period of time, their son, Jason, became a teenager. The Feltners had advised Casey they would not accept female children exhibiting overt seductive behaviors for placement in their home. Subsequently, during April of 1992, JR and a sister were temporarily placed with the Feltners. The only advice furnished by Casey with respect to these children was that JR had been sexually molested by her father.

In August of 1992, Jason, then only two days past his nineteenth birthday, engaged in sexual intercourse with JR, who had initiated the adventure. JR was not fifteen at that time. Jason was charged with sexual assault and entered a plea of guilty to fourth-degree sexual assault. He subsequently was sentenced to serve 155 days in jail with 150 days suspended upon the conditions he have no arrests for one year and have no contact with the victim for one year.

We are required to accept as true the following allegations set forth in the Feltners' complaint:

11. On or about August 5, 1992, the Feltners reported to Defendant that Jason had had sexual intercourse with [JR] as said sexual contact had been initiated by [JR].

12. Jason, a virgin, had turned 19 years of age two days prior to having had sexual intercourse with [JR]. [JR] was fourteen at the time, two months short of her 15th birthday.

\* \* \* \* \* \*

15. Thereafter, Jason was charged with sexual assault and pled guilty to fourth decree. [sic] sexual assault.

The Feltners' complaint then continues to allege claims for recovery based upon Casey's negligence, gross negligence, breach of contract, and breach of confidentiality.

Casey filed its Motion to Dismiss Plaintiff's Complaint, to which the Feltners filed a reply. The trial court entered an Order Granting Defendant's Motion to Dismiss ruling "Plaintiffs' complaint fails to state a cognizable cause of action and is therefore dismissed with prejudice." The Feltners appeal from that order.

We acknowledge dismissal is a drastic remedy to be granted sparingly. *E.g., Coones v. F.D.I.C.,* 848 P.2d 783 (Wyo. 1993); *Osborn v. Emporium Videos,* 848 P.2d 237 (Wyo.1993); *Harshfield v. Harshfield,* 842 P.2d 535 (Wyo.1992); *Stalkup v. State Dep't of Envtl. Quality (DEQ),* 838 P.2d 705 (Wyo.1992); *Mostert v. CBL & Associates,* 741 P.2d 1090 (Wyo.1987). A complaint will be dismissed only when it shows on its face that the plaintiff cannot achieve relief under any state of facts. *E.g., Coones; Osborn; Harshfield; Stalkup; Mostert; Johnson v. Aetna Casualty & Sur. Co. of Hartford, Conn.,* 608 P.2d 1299 (Wyo.1980). Still, we have said, "A motion to dismiss, even though sparingly granted, is the proper method for testing the legal sufficiency of the allegations and will be sustained when the complaint shows on its face that the plaintiff is not entitled to relief." *Mummery v. Polk,* 770 P.2d 241, 243 (Wyo.1989). The Feltners' complaint was dismissed properly under the application of these rules.

Initially, we consider the thrust of the order dismissing the complaint as it applies to Jason. The propositions we adopt are cogently stated in *Barker v. Kallash,* 63 N.Y.2d 19, 479 N.Y.S.2d 201, 203–05, 468 N.E.2d 39, 41–42 (1984) (footnote omitted):

When the plaintiff has engaged in activities prohibited, as opposed to merely regulated, by law, the courts will not entertain the suit if the plaintiff's conduct constituted a serious violation of the law and the injuries for which he seeks recovery were the direct result of that violation. In this latter instance recovery is denied, not because the plaintiff contributed to his injury, but because the public policy of this State generally denies judicial relief to those injured in the course of committing a serious criminal act (*Reno v. D'Javid,* 42 N.Y.2d 1040, 399 N.Y.S.2d 210, 369 N.E.2d 766). \* \* \* The rule is based on "the paramount public policy imperative that the law, whatever its content at a given time or for however limited a period, be obeyed." (*Reno v. D'Javid, supra*). It extends the basic principal that one may not profit from his own wrong (*Riggs v. Palmer,* 115 N.Y. 506, 22 N.E. 188; *Carr v. Hoy,* 2 N.Y.2d 185, 158 N.Y.S.2d 572, 139 N.E.2d 531) to tort actions seeking compensation for injuries resulting from the plaintiff's own criminal activities of a serious nature.

\* \* \* \* \* \*

When the plaintiff's injury is a direct result of his knowing and intentional participation in a criminal act he cannot seek compensation for the loss, if the criminal act is judged to be so serious an offense as to warrant denial of recovery (*Reno v. D'Javid, supra*). \* \* \* As indicated the rule is grounded in public policy and holds that a claimant whose injuries are the direct result of his commission of what is judged to be serious criminal or illegal conduct is not entitled to recover. It involves preclusion of recovery at the very threshold of the plaintiff's application for judicial relief.

While, on occasion, courts have considered the proposition of duty, the public policy foreclosure of such causes of action is the prevailing rule in American jurisdictions.

Another summary of the rule is articulated in *Cole v. Taylor*, 301 N.W.2d 766, 768 (Iowa 1981) (citing 1 C.J.S. *Actions* § 13, at 996–97)), where the court said:

> The general rule is:
>
>> that a person cannot maintain an action if, in order to establish his cause of action, he must rely, in whole or in part, on an illegal or immoral act or transaction to which he is a party, or to maintain a claim for damages based on his own wrong or caused by his own neglect, * * * or where he must base his cause of action in whole or in part, on a violation by himself of the criminal or penal laws * * *.

Other cases of the same tenor are *Oden v. Pepsi Cola Bottling Co. of Decatur, Inc.*, 621 So.2d 953 (Ala.1993); *Lord v. Fogcutter Bar*, 813 P.2d 660 (Alaska 1991); *Adkinson v. Rossi Arms Co.*, 659 P.2d 1236 (Alaska 1983); *Cole; Pappas v. Clark*, 494 N.W.2d 245 (Iowa Ct.App.1992); *Glazier v. Lee*, 171 Mich.App. 216, 429 N.W.2d 857 (1988).

■ We also affirm the dismissal of the Feltner parents' claims for relief which are derivative of Jason's claims based upon his criminal misconduct. While the Feltner parents assert their claims are independent of Jason's, we choose to adopt the rationale of the Supreme Court of Iowa in *Cole*, 301 N.W.2d at 768:

> We believe that what we have said should also bar the suit brought by plaintiff husband. His loss of consortium claim is not derivative of his wife's claims. *Fuller v. Buhrow*, 292 N.W.2d 672, 675–76 (Iowa 1980). But we think it should nevertheless be barred on the same public policy grounds. Such a claim would also arise from a criminal act. In our view the policies should not allow indirectly for the husband what they disallowed directly for the wife.

We can ascertain, in this context, no viable distinction between claims based upon negligence, gross negligence, or breach of contract. We affirm the dismissal of the Feltners' complaint with respect to those claims evolving from Jason's criminal, sexual misconduct.

The Feltners invoke in their argument, and find comfort in, the RESTATEMENT (SECOND) OF TORTS § 448 (1965). This section in the RESTATEMENT reads as follows:

> § 448. Intentionally Tortious or Criminal Acts Done Under Opportunity Afforded by Actor's Negligence
>
> The act of a third person in committing an intentional tort or crime is a superseding cause of harm to another resulting therefrom, although the actor's negligent conduct created a situation which afforded an opportunity to the third person to commit such a tort or crime, unless the actor at the time of his negligent conduct realized or should have realized the likelihood that such a situation might be created, and that **a third person might avail himself of the opportunity to commit such a tort or crime.** (Emphasis added.)

Our reading of this provision is entirely different from that of the Feltners. It is applicable and can be invoked when a third person, not the party seeking recovery, has committed a tort or a crime, and the opportunity to commit the tort or crime is attributable to negligence on the part of the defendant who realized or should have realized the likelihood such a situation might be created. Jason Feltner is not a third person within the context of this provision and, for purposes of this case, neither are his parents.

We turn briefly to an independent claim to the effect that Brenden McKinney, as an employee of Casey, disclosed Veronica Feltner's history of sexual abuse and, in doing so, breached a duty of confidentiality to her. The allegations of the Feltners' complaint in this regard are:

> 16. The Feltners filed a grievance with Defendant's employee, Brenden McKinney, who in responding to the Feltners' grievance, violated Veronica Feltner's confidentiality by disclosing her history of sexual abuse.
>
> * * * * * *
>
> 25. The Defendant breached confidentiality due Plaintiff, Veronica Feltner, and should be liable for damages suffered by her.

The Feltners have not addressed their claim for breach of confidentiality in their Brief of the Appellants. Our rule is that we refuse to consider positions unsupported by cogent argument or pertinent authority. *E.g.*, *Wilson v. State*, 874 P.2d 215, 219 (Wyo.1994); *Furman v. Rural Elec. Co.*, 869 P.2d 136, 141 (Wyo.1994); *Halliburton Co. v. Claypoole*, 868 P.2d 252, 257 (Wyo. 1994); *Amrein v. Wyoming Livestock Bd.*, 851 P.2d 769, 772 (Wyo.1993); *Triton Coal Co., Inc. v. Mobil Coal Producing, Inc.*, 800 P.2d 505, 512 (Wyo.1990); *Kipp v. Brown*, 750 P.2d 1338, 1341 (Wyo.1988). In view of the failure of the Feltners to either submit an argument or cite authorities relating to this issue, we affirm the dismissal of that claim as well.

We hold all claims of the Feltners were properly dismissed by the trial court. The Order Granting Motion to Dismiss Complaint is affirmed.