Damian B. GIACCHINO, Appellant (Plaintiff),

v.

ESTATE OF Lance F. STALKUP, Appellee (Defendant).

No. 95–20.

Supreme Court of Wyoming.

Dec. 29, 1995.

Donald A. Cole and Bernard E. Cole of Cole & Cole Law Firm, Cheyenne, for Appellant.

Franklin D. Bayless of Bayless, Slater & Macy, P.C., Cheyenne, for Appellee.

Before GOLDEN, C.J., THOMAS, TAYLOR and LEHMAN, JJ., and BROWN, J., Retired.

THOMAS, Justice.

Our sole task in this case is to evaluate the allegations of the complaint filed by Damian B. Giacchino (Giacchino) to determine whether the facts alleged encompass a claim upon which relief can be granted. Apparently referring to two separate agreements between himself and Lance F. Stalkup (Stalkup) relating to the purchase and sale of an automobile, Giacchino seeks recovery on theories of wrongful repossession; breach of contract for sale of the automobile; malicious, willful, and wanton conduct justifying punitive damages; the infliction of mental distress; and the retention of Giacchino's personal property. Taking as true, as we must, the facts alleged by Giacchino, we agree with the conclusion of the district court that the complaint fails to state a claim upon which relief can be granted. We affirm the order approving the motion to dismiss plaintiff's complaint entered by the trial court.

The issues stated in the Brief of the Appellant, filed on behalf of Giacchino, are:

> What is the standard for review in the granting of a motion to dismiss, particularly in accordance with Rule 12(b)(6) of the Wyoming Rules of Civil Procedure?

Can a complaint state alternative or independent claims based upon tort or contract theories?

Can the Appellee be held liable under the Uniform Commercial Code for wrongful repossession of collateral?

In the Brief of Appellee, filed for Stalkup (now deceased), this rather cryptic statement of the issues appears:

I. What is the standard for review in the granting of a motion to dismiss, in accordance with Rule 12(b)(6) of the Wyoming Rules of Civil Procedure?

II. Did the Appellant fail to state a claim upon which relief could be granted pursuant to Rule 12(b)(6) of the Wyoming Rules of Civil Procedure?

Count I

Count II

Count III

Count IV

Count V

 Giacchino's complaint was dismissed for failure to state a claim pursuant to WYO.R.CIV.P. 12(b)(6). We must accept as true the factual allegations in Giacchino's complaint and view those facts in the light most favorable to Giacchino. *Feltner v. Casey Family Program*, 902 P.2d 206 (Wyo. 1995); *Martinez v. Associates Fin. Services Co. of Colorado, Inc.*, 891 P.2d 785 (Wyo. 1995); *May v. Southeast Wyoming Mental Health Ctr.*, 866 P.2d 732 (Wyo.1993); *Osborn v. Emporium Videos*, 870 P.2d 382 (Wyo.1994); *Herrig v. Herrig*, 844 P.2d 487 (Wyo.1992); *Moxley v. Laramie Builders, Inc.*, 600 P.2d 733 (Wyo.1979). A complaint may include alternative, independent claims based upon tort or contract theories, such as Giacchino alleged, as long as the factual allegations articulate the essential elements of the claims. *See* WYO.R.CIV.P. 18; *Ogle v. Caterpillar Tractor Co.*, 716 P.2d 334 (Wyo. 1986). Conclusional statements or opinions in a complaint, in lieu of facts, are not adequate to satisfy the burden of alleging the essential elements. *Jones Land & Livestock Co. v. Fed. Land Bank of Omaha*, 733 P.2d 258 (Wyo.1987); *Cordova v. Gosar*, 719 P.2d 625 (Wyo.1986).

An analysis of the factual allegations, as distinguished from the theories alleged in Giacchino's complaint, reveals he relied upon an arrangement to purchase a 1970 Dodge Challenger. In some respects, Giacchino alleges too much or not enough. Initially, he alleges he and Stalkup entered into a security agreement pursuant to which he purchased the vehicle for $4,200. He also alleges a verbal agreement whereby Giacchino would work on vehicles owned by Stalkup and would take care of Stalkup for an unspecified salary. The salary was to be applied toward the amount owed on the security agreement.

Giacchino alleges he worked on the vehicle he was purchasing and invested more than $4,050 in parts. He alleges that, on September 20, 1994, Stalkup applied the sum of $1,000, attributable to Giacchino's labor, toward the purchase of the vehicle. On the same day, they entered into an agreement in which it was acknowledged Giacchino had paid $1,000 in labor as a down payment on the vehicle, and he agreed to pay the balance at the rate of $150 per month. He alleges a payment on October 1, 1994 and the tender of a payment in November. The complaint states a copy of the September 20, 1994 agreement is attached to the complaint, but it is not.

Giacchino includes an allegation that, on September 9, 1994, Stalkup had unlawfully repossessed the vehicle from Giacchino. He states that, three days later, Stalkup told the repossessing agency to release the car because Giacchino was not in default, and it then was returned to his possession. Giacchino alleges he has never been in default, but on October 26, 1994, Stalkup authorized his agent to repossess the vehicle. He alleges the circumstances of the repossession, which he contends were threatening to him. He alleges Stalkup retained his personal property in addition to the vehicle, but he never identifies the personal property.

Giacchino then proceeds to state his several claims. His first cause of action is for wrongful repossession of the vehicle by force and intimidation, without notice and without his consent. In his second cause of action, he alleges breach of the agreement by Stalk-

up because of its repossession when he was current on his payments. In the third cause, he asserts Stalkup's actions and conduct were malicious, willful, and wanton, justifying punitive damages. In his fourth cause of action, he alleges the infliction of great mental distress; and, finally, he alleges the retention of his personal property. Giacchino seeks damages on all claims.

The complaint was met with a motion to dismiss, which is somewhat mysterious. The contention is that Giacchino could not state claims based on contract while alleging damages founded in tort. The motion to dismiss also asserts that, upon default, the secured party can repossess collateral and no claim can be filed against Stalkup based upon the actions of a third party. Giacchino filed a resistance to the motion to dismiss, but the court entered an order approving the motion to dismiss plaintiff's complaint on December 19, 1994. Giacchino has appealed that dismissal.

It would be easier to address this appeal had the agreement alluded to in the complaint actually been attached and made a part of the pleading. Since it was not, the pleading must state facts sufficient to allege the essentials of the several claims.

The initial premise for recovery is that Giacchino and Stalkup "entered into a Security Agreement whereby the Plaintiff purchased a 1970 Dodge Challenger from Defendant for the sum of $4,200." Such an allegation is a legal impossibility. In Wyoming's version of the Uniform Commercial Code, Wyo.Stat. §§ 34.1–1–101 to –10–104 (1991) (UCC), " '[s]ecurity agreement' means an agreement which creates or provides for a security interest * * *." Wyo. Stat. § 34.1–9–105(a)(xii). The statute later provides, however, that even though a transaction is subject to the article on secured transactions, it is also subject to the laws pertaining to certificates of title to motor vehicles. Wyo.Stat. § 34.1–9–203(d). While we have held that the priority of lien claims with respect to motor vehicles is governed by the UCC (*Franklin v. First Nat'l Bank of Morrill, Nebraska*, 848 P.2d 775 (Wyo.1993)), we have not addressed whether a motor vehicle may be transferred other than pursuant to the provisions of Wyo.Stat. § 31–2–104 (1994). That statute requires the owner of a vehicle who sells or transfers his interest to endorse an assignment and warranty of title upon the certificate of title with a statement of all liens and encumbrances, which is to be dated and delivered to the transferee at the time of the transaction. Giacchino's complaint is silent concerning compliance with this statute.

■ Furthermore, if we accept as true the allegation that Giacchino was credited with a $1,000 down payment, and the balance was to be paid at $150 per month, the payments would run for a period of more than twenty-one months. Giacchino alleges a contract that could not be completed within one year. Wyo.Stat. § 1–23–105 (1988) provides in pertinent part:

(a) In the following cases every agreement shall be void unless such agreement, or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith:

(i) Every agreement that by its terms is not to be performed within one (1) year from the making thereof; * * *.

Since the contract which is alluded to was not attached to the complaint, Giacchino was required to allege facts demonstrating compliance with the statute of frauds. Giacchino did not do so. The statute of frauds found in the UCC under the article relating to sales, Wyo.Stat. § 34.1–2–201, leads to the same conclusion. Giacchino has alleged a contract for a price of $500 or more, which is required to be supported by a writing signed by the party against whom enforcement is sought. Those allegations are absent from Giacchino's complaint. While there are statutory exceptions to this requirement, Giacchino has alleged no facts bringing him within the exceptions.

■ In view of Giacchino's failure to successfully allege the contract between Stalkup and himself, it is apparent his claim for breach of contract must fail. The claim for wrongful repossession also fails because we find no allegation of facts leading to the conclusion Giacchino ever was entitled to

possession of the vehicle. The claim relating to infliction of emotional distress is closely tied to the claims concerning wrongful repossession and breach of contract. In Wyoming, Giacchino had the burden of alleging facts demonstrating a duty, breach of duty, and damages in order to state a claim for mental or emotional distress. The duty under these circumstances would be for Stalkup to refrain from conduct he had no right to pursue. The logical application of the concept, however, leads to the conclusion that the complaint fails to allege facts demonstrating Stalkup had no right to recover his automobile. In the absence of facts showing a duty on the part of Stalkup not to repossess the vehicle, which is the event Giacchino focuses upon in asserting his claim for mental distress, the complaint fails to state a claim upon which relief can be granted. *See Gates v. Richardson*, 719 P.2d 193 (Wyo.1986).

The final claim is the wrongful retention of Giacchino's personal property. One must read between the lines to offer any conclusion as to the property's identity. Probably, it consisted of parts Giacchino installed in the vehicle. From that point, we are completely in the dark because, if there were a contract or a security agreement, we do not know whether it furnished Stalkup's security in accessions. Consequently, we hold the count asserting damages for wrongful retention of personal property is so vague it fails to state a claim upon which relief can be granted.

The order approving the motion to dismiss plaintiff's complaint is affirmed.