2002 WY 59

**Lowell Lee WORMAN and Evelyn
Worman, Appellants
(Plaintiffs),**

v.

**Patty CARVER, d/b/a H & R Block, and
H & R Block Tax Services, Inc.,
Appellees (Defendants).**

**No. 00–332.**

Supreme Court of Wyoming.

April 15, 2002.

Vance Countryman of Vance T. Countryman, P.C., Lander, WY, Representing Appellants.

Rex O. Arney and Timothy M. Stubson of Brown, Drew & Massey, LLP, Casper, WY, Representing Appellees.

Before LEHMAN, C.J., and GOLDEN, HILL, KITE, and VOIGT, JJ.

KITE, Justice.

[¶ 1] Appellants Lowell Lee Worman (Lee) and Evelyn Worman (Evelyn) appeal from the district court's order granting summary judgment in favor of Appellees Patty Carver, d/b/a H & R Block, and H & R Block Tax Services, Inc. The district court ruled collateral estoppel and public policy barred the Wormans from asserting their claims. We affirm in part, reverse in part, and remand.

## ISSUES

[¶ 2] The Wormans state the issues on appeal as follows:

Whether Evelyn Worman's claims are derivative or independent of Lee Worman's claims;

Whether the submission of a jury instruction regarding Lee Worman's good faith adjudicates Evelyn Worman's claims against Patty Carver and H & R Block;

Whether [t]he [g]eneral [p]rinciples [o]f [c]ollateral [e]stoppel [a]pply [i]n [t]his [c]ase;

Whether the submission of a jury instruction regarding Lee Worman's good faith precludes Lee Worman's claims against Patty Carver and H & R Block;

Whether Appellants are entitled to a jury decision regarding the apportionment of fault;

Whether public policy precludes the claims of the Appellants.

The appellees frame the issues as follows:

1. Whether Appellant Lee Worman is collaterally estopped from bringing his claims where they are fundamentally inconsistent with his conviction in a criminal trial in the United States District Court for the District of Wyoming for willfully signing a fraudulent tax return.

2. Whether Appellant Evelyn Worman is collaterally estopped from bringing her claims where she is in a position of privity with Lee Worman and where her claims are dependent upon the claims of her husband.

3. Whether Appellant Lee Worman's claims are barred by public policy where they arise out of his own criminal conduct.

4. Whether Appellant Evelyn Worman is precluded from bringing her claims where those claims are based upon Lee Worman's criminal conduct.

## FACTS

[¶ 3] Lee and Evelyn worked for Farmers Cooperative Association (Farmers Co-op) in Gillette. Lee was the general manager, and Evelyn was a bookkeeper. Ms. Carver operated an H & R Block tax service franchise (Gillette H & R Block) in Gillette.

[¶ 4] In 1982, Lee became involved in a trucking company known as Whelchel Trucking with his brother-in-law, Ernie Whelchel (Ernie). Ernie was married to Lee's sister, Dorothy Whelchel (Dorothy). The Whechels divorced in 1992. Lee and Ernie disagreed over the extent of Lee's involvement in the trucking company. Lee claimed he was a partner in Whelchel Trucking while Ernie maintained Lee simply loaned him money for the business.

[¶ 5] In any event, Whelchel Trucking filed partnership tax returns for several years, listing Ernie and Lee as partners. Gillette H & R Block prepared the Whelchel Trucking returns and the Wormans' individual returns. In 1989, Ernie instructed Ms. Carver not to prepare any more partnership tax returns for Whelchel Trucking.

[¶ 6] Whelchel Trucking leased its trucks exclusively to Farmers Co-op. In 1991, Lee began writing checks from the Farmers Co-op checking account to his personal account. He wrote on the check stubs that the pay-

ments were to Whelchel Trucking, but the checks were made out to his personal account. Lee did not report these funds as income on his personal income tax returns.

[¶ 7]   The United States charged Lee with four counts of willfully submitting false tax returns in violation of 26 U.S.C. § 7206(1) for the years of 1991 through 1994.[1]  Lee was tried before a jury in the federal district court in August 1998, and the jury found him guilty on all four counts.  The federal district court denied Lee's motion for a judgment of acquittal notwithstanding the verdict, and Lee appealed.,  The United States Court of Appeals for the Tenth Circuit affirmed Lee's conviction on April 6, 2000.  *United States v. Worman*, No. 98–8102, 2000 WL 358384 (10th Cir. Apr.6, 2000).

[¶ 8]   The Wormans commenced the present action after Lee was convicted of filing false tax returns.  They claimed Ms. Carver was negligent in preparing their tax returns and H & R Block Tax Services, Inc. was negligent in its supervision and training of Ms. Carver.  In addition, they asserted claims for negligent misrepresentation, fraud, and *respondeat superior*.  The Wormans maintained Lee was convicted of tax fraud because of the appellees' wrongful actions and, as a result, they incurred damages including attorneys' fees in the criminal case, loss of credibility and reputation, loss of value from a civil suit, civil tax penalties and interest, and emotional distress.  Evelyn also presented a separate claim for loss of Lee's consortium while he served his prison sentence.

[¶ 9]   The appellees filed a motion for a summary judgment, and the Wormans filed a motion for a partial summary judgment. The district court held a hearing on the motions and subsequently granted the appellees' summary judgment motion.  In its decision letter, the district court ruled Lee was collaterally estopped from asserting his claims against the appellees.  It stated in pertinent part:

> The central issue in this case is whether Worman relied in good faith on the advice and work of the Defendants in preparing

his 1991–1994 personal income tax returns. If he cannot establish that he relied on the Defendants['] advice and work then he cannot establish that any damages he claims were caused by the Defendants.  The Federal Court jury decided, beyond a reasonable doubt, that Worman did not rely in good faith on advice or work from the Defendants.  Collateral estoppel prevents him from claiming that he relied in good faith on the Defendants for those tax returns.

> The Plaintiffs argue that this case raises numerous issues which were not decided in Worman's criminal trial.  Other issues do exist here, but each of them is dependent on Worman's ability to show that his damages were caused by the Defendants because he relied on them.

The district court also held Evelyn was in privity with Lee and her claims were barred because they derived entirely from Lee's claims.

[¶ 10]   The Wormans filed a motion for reconsideration, which the district court denied.  They appealed.

## STANDARD OF REVIEW

[¶ 11]   A summary judgment may be granted when there are no genuine issues of material fact and the prevailing party is entitled to a judgment as a matter of law. *Boley v. Greenough*, 2001 WY 47, ¶ 10, 22 P.3d 854, ¶ 10 (Wyo.2001); *Burbank v. Wyodak Resources Development Corp.*, 11 P.3d 943, 946 (Wyo.2000).

We review a summary judgment in the same light as the district court, using the same materials and following the same standards.  We examine the record from the vantage point most favorable to the party opposing the motion, and we give that party the benefit of all favorable inferences that may fairly be drawn from the record.  The review of a grant of summary judgment involving a question of law is *de novo*.

---

1.  Lee was also charged with two counts of aiding and assisting in the preparation of a false tax return as prohibited by 26 U.S.C. § 7206(2), but the United States dismissed those counts.

*Rawlinson v. Cheyenne Board of Public Utilities,* 2001 WY 6, ¶ 5, 17 P.3d 13, ¶ 5 (Wyo.2001) (citations omitted).

## DISCUSSION

### A. Collateral Estoppel

[¶ 12] The Wormans contend the district court erred by ruling that collateral estoppel barred their claims. In general, they argue the issue in the federal criminal case was not identical to the issue presented in the case at bar. The Wormans also insist Evelyn's claims did not derive from Lee's claims and she is not, therefore, bound by the federal criminal jury's decision.

[¶ 13] *Res judicata* and collateral estoppel are related but distinct concepts which preclude the relitigation in a subsequent suit by the same parties or their privies of questions directly determined by a court of competent jurisdiction. *Eklund v. PRI Environmental, Inc.,* 2001 WY 55, ¶ 15, 25 P.3d 511, ¶ 15 (Wyo.2001); *Tenorio v. State ex rel. Wyoming Workers' Compensation Division,* 931 P.2d 234, 238 (Wyo.1997). The United States Supreme Court discussed the purpose of the preclusion doctrines in *Montana v. United States,* 440 U.S. 147, 153–54, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979):

> To preclude parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions.

[¶ 14] *Res judicata* bars relitigation of previously litigated claims or causes of action, and collateral estoppel bars relitigation of previously litigated issues. *Slavens v. Board of County Commissioners for Uinta County,* 854 P.2d 683, 686 (Wyo. 1993). Collateral estoppel may preclude the relitigation in a subsequent civil action of an issue decided in a criminal case. *See, e.g., Kennedy v. Mendoza–Martinez,* 372 U.S. 144, 83 S.Ct. 554, 9 L.Ed.2d 644 (1963); *see also* Restatement (Second) of Judgments § 85 (1982); 47 Am.Jur.2d *Judgments* § 733 (1995).

[¶ 15] The proper doctrine for our consideration in this case is collateral estoppel because the matter involves issues previously litigated in Lee's criminal case. Four factors are considered in determining whether collateral estoppel applies:

> (1) whether the issue decided in the prior adjudication was identical with the issue presented in the present action; (2) whether the prior adjudication resulted in a judgment on the merits; (3) whether the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior adjudication; and (4) whether the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior proceeding.

*Eklund,* 2001 WY 55, ¶ 15, 25 P.3d 511.

### 1. *Lee's Claims*

[¶ 16] The parties strongly disagree about whether the issues in this case and those in the criminal case were identical. In this case, the Wormans stated causes of action for negligence, misrepresentation, and fraud. They maintained Lee was convicted of tax fraud as a result of the appellees' wrongful actions and he incurred damages including attorneys' fees in the criminal case, loss of credibility and reputation, loss of value from a civil suit, civil tax penalties and interest, and emotional distress. In order to prevail, the Wormans had to prove Lee relied upon the appellees' advice and services in signing their 1991 through 1994 income tax returns. If Lee did not rely on the appellees' advice and services, the Wormans cannot establish that the appellees caused Lee's damages. Consequently, Lee's state of mind was at issue in this action.

[¶ 17] The criminal case also addressed Lee's state of mind. The federal jury found Lee guilty on four counts of willfully submitting a false tax return. The federal court instructed the jury that, in order for it to convict Lee, the government had to prove the following elements for each of the four years at issue:

> One: The defendant, Lowell Lee Worman, made and signed a tax return for the

years 1991, 1992, 1993, and 1994 that contained false information, as to a material matter as detailed in the Indictment;

Two: The defendant knew that this information was false;

Three: The return contained a written declaration that it was being signed subject to the penalties of perjury; and

Four: In filing the false tax return, the defendant acted wil[l]fully.

The court also instructed the jury on the meaning of willfully: "To act willfully means to act voluntarily and deliberately and intending to violate a known legal duty. Negligent conduct is not sufficient to constitute willfulness." Another instruction informed the jury that good faith was a complete defense to the charges:

The good faith of the defendant, Lowell Lee Worman, is a complete defense to the tax charge in Counts 1, 2, 3, and 4 of the indictment because good faith is simply inconsistent with willfully filing a fraudulent or false tax return.

While the term "good faith" has no precise definition, it means, among other things, an honest belief, a lack of malice, and the intent to perform all lawful obligations. A person who acts on a belief or on an opinion honestly held is not punishable under the statute merely because that honest belief turns out to be incorrect or wrong. The tax laws subject to criminal punishment only those people who willfully file[ ] a fraudulent or false tax return.

The jury determined Lee's actions were willful when it convicted him of tax fraud.

[¶ 18] In *Dover v. Baker, Brown, Sharman & Parker*, 859 S.W.2d 441 (Tex.App. 1993), a Texas Court of Appeals addressed a factual situation similar to the one in this case. Mr. Dover was convicted of making and subscribing to false tax statements under 26 U.S.C. § 7206(1) (1988), and he subsequently sued his attorneys and accountants for malpractice, claiming he was convicted because of their misconduct. 859 S.W.2d at 444–45. The trial court dismissed Mr. Dover's claims against the accountants because they were barred by the statute of limitations. 859 S.W.2d at 447. The trial court also granted summary judgment in favor of the attorneys. *Id.* The court held Mr. Dover was collaterally estopped from claiming he relied upon the attorneys' legal advice. 859 S.W.2d at 449.

[¶ 19] The Texas Court of Appeals affirmed the trial court's decision. It explained the jury was required to find Mr. Dover's actions were willful to convict him of tax fraud under 26 U.S.C. § 7206(1) and a finding of willfulness would be inconsistent with a claim his attorneys were negligent:

[A] critical issue decided in each of these criminal convictions was that Dover participated in the corporate transaction knowingly and wil[l]fully, and not out of justifiable reliance on [the attorneys'] advice. Dover could not have knowingly and wil[l]fully engaged in the underlying transactions and engaged in those transactions in good faith mistaken reliance on [the attorneys'] advice. Under the criminal law, *those findings were mutually exclusive.*

859 S.W.2d at 449 (emphasis added); *see also Richey v. United States Internal Revenue Service*, 9 F.3d 1407 (9th Cir.1993) (holding the issue of the taxpayer's willfulness was decided in his criminal tax fraud case and could not be relitigated in a subsequent civil suit).

[¶ 20] The federal jury found Lee guilty of willfully signing a false tax return. In making that determination, it necessarily concluded Lee did not rely in good faith upon the appellees' advice and services in submitting the information. Consequently, the appellees' conduct, whether negligent or not, could not have caused Lee to be convicted of tax fraud. The issues in the criminal case were identical to those in the civil case.

[¶ 21] The other collateral estoppel factors are also clearly satisfied as to Lee's claims. He was a party in the criminal action, and his criminal conviction was a judgment on the merits. *See Eklund*, 2001 WY 55, ¶ 15, 25 P.3d 511; *Dover*, 859 S.W.2d at 449; *Richey*, 9 F.3d at 1410–11. In addition, a criminal trial presents a defendant with a full and fair opportunity to litigate the issues because a criminal defendant has strong in-

centives to vigorously defend the charges against him. *See, e.g., Kennedy,* 372 U.S. 144, 83 S.Ct. 554, 9 L.Ed.2d 644. At the criminal trial, Lee attempted to prove his actions were not willful and he relied in good faith upon the appellees' advice. Even though he was not successful, he had a full and fair opportunity to litigate the issue.

[¶ 22] The Wormans contend the application of collateral estoppel in this case was improper because the decision in another civil case altered the underlying facts of this matter. "It is, of course, true that changes in facts essential to a judgment will render collateral estoppel inapplicable in a subsequent action raising the same issues." *Montana,* 440 U.S. at 159, 99 S.Ct. 970.

[¶ 23] Prior to the criminal trial, Ernie filed a civil action against his ex-wife—Dorothy—and Lee. *Whelchel v. Whelchel,* Civ. Case No. 19963 (6th Jud. Dist.Wyo.1999). He also named Farmers Co-op in the suit. *Id.* The various parties filed numerous claims, cross-claims, and counterclaims. Ernie asserted, among other things, that Lee improperly took funds which belonged to Whelchel Trucking when he issued the Farmers Co-op checks to his personal account. The case was tried to the court, but the court did not issue its decision until after the criminal trial was held. The *Whelchel* court ultimately ruled generally against each of the parties.

[¶ 24] The Wormans claim the ruling in *Whelchel* was inconsistent with Lee's criminal conviction because, in order to convict Lee of tax fraud, the federal jury had to find he converted funds from Whelchel Trucking. Otherwise, they argue, the funds he received would have been partnership distributions which were not taxable. The Tenth Circuit Court of Appeals ruled in Lee's appeal that sufficient evidence existed for the jury to reasonably conclude Lee was not a partner in Whelchel Trucking and, consequently, the funds he took from Farmers Co-op amounted to income and were taxable. *Worman,* 2000 WL 358384, at *3.

[¶ 25] The Wormans assert that the court in *Whelchel* determined Lee did not convert funds. A careful review of the decision in *Whelchel,* however, belies the Wormans' ar-

gument. The *Whelchel* court did not conclude Ernie had failed to establish Lee wrongfully took Whelchel Trucking funds. In fact, that court did not examine the individual elements of any of the asserted causes of action. Instead, it simply ruled that none of the parties met their burden of proof because the evidence was too speculative to award a judgment to any party. The relevant portion of that court's decision letter stated:

> In conclusion I am going to find generally against each party on their claim against the others. The evidence before the court was so conflicting it was difficult to tell what the facts were. The lack of contracts, the lack of proper and timely accounting (by anyone), the sloppy information presented and placed in tax returns, and the misleading paper trail left the court with a dim view of the position advocated by each party. In other words, no one proved their case by a preponderance of the evidence despite what could be argued from a view of the various bottom lines. Equity and good justice, as I view it from the thorough review of this evidence requires that the parties be left where they entered.

[¶ 26] The *Whelchel* decision was not inconsistent with Lee's criminal conviction. The application of collateral estoppel in the case at bar was, therefore, appropriate because the underlying facts did not change.

### 2. *Evelyn's Claims*

[¶ 27] The district court also dismissed Evelyn's claims. Like Lee, Evelyn maintained the appellees' wrongful conduct caused her to suffer damages including attorneys' fees from Lee's criminal case, damage to credibility and reputation, loss of value from a potential civil case, loss of consortium because of Lee's jail sentence, and civil tax penalties and interest. The district court ruled Evelyn was in privity with Lee in the criminal case because her claims derived entirely from Lee's conviction. The district court, therefore, concluded collateral estoppel barred her claims.

[¶ 28] Collateral estoppel may be applied to one who was a party to the prior proceeding or to one who was in privity with a party. *Tenorio,* 931 P.2d at 238–39. Privity exists when there is a close or significant relationship between the party and the nonparty. *Gambocz v. Yelencsics,* 468 F.2d 837, 841 (3d Cir.1972); *see also Seamon v. Bell Telephone Company of Pennsylvania,* 576 F.Supp. 1458, 1461 (W.D.Pa.1983), *aff'd,* 740 F.2d 958 (3d Cir.1984); Restatement (Second) of Judgments § 85 cmt. f (1982). When a nonparty's interests are sufficiently represented by a party, the nonparty is considered to be a privy, and the preclusive effects of *res judicata* and collateral estoppel will apply to bar a subsequent action by a nonparty. *First Options of Chicago, Inc. v. Kaplan,* 913 F.Supp. 377, 383–84 (E.D.Pa. 1996); *Eubanks v. Federal Deposit Insurance Corporation,* 977 F.2d 166, 170 (5th Cir.1992); Restatement (Second) of Judgments § 85(2) (1982). A nonparty is adequately represented in a prior action when a party "is so closely aligned to her interests as to be her virtual representative." *Eubanks,* 977 F.2d at 170. Thus, when the nonparty's claims derive from the claims asserted by the party, the nonparty will be bound by the prior judgment against the party. *Id.*

[¶ 29] Most of Evelyn's asserted damages were actually injuries suffered by Lee; i.e., attorneys' fees from Lee's criminal case, damage to reputation and credibility, and loss of value from a potential civil case. It is questionable whether Evelyn could individually assert those claims for damages. In any event, we agree with the district court that, as to those claims, Evelyn was in privity with Lee.

[¶ 30] In order to prove the damages from Lee's conviction were caused by the appellees' wrongful conduct, Evelyn had to establish that Lee relied upon the appellees' advice and services. As we stated earlier in this opinion, that issue was fully litigated in the criminal case. The jury determined Lee acted willfully and did not rely in good faith upon the appellees' advice and services. Evelyn's claims derived entirely from Lee's conviction, and her interests were identical with Lee's interests in the criminal case.

Evelyn is, therefore, bound by the determinations made in the criminal case.

[¶ 31] Evelyn also presented a claim for loss of Lee's consortium while he served his prison term. In Wyoming, a claim for loss of consortium is derivative of the injured party's claim. *See, e.g., Massengill v. S.M.A.R.T. Sports Medicine Clinic, P.C.,* 996 P.2d 1132, 1137 (Wyo.2000); *Verschoor v. Mountain West Farm Bureau Mutual Insurance Company,* 907 P.2d 1293, 1301 (Wyo.1995). Therefore, if the injured party's claim fails, the loss of consortium claim must also fail. *Massengill,* 996 P.2d at 1137. The district court correctly concluded that, because Lee's claims were barred, Evelyn could not maintain her loss-of-consortium claim.

[¶ 32] Finally, Evelyn asserted the appellees' wrongful conduct caused her to incur civil tax penalties and interest. Illustration 11 of Restatement (Second) of Judgments § 85 (1982) recognizes the spouse of a person convicted of tax fraud may be independently liable for civil penalties and the criminal judgment is not preclusive against the spouse:

11. [The husband] is convicted of the crime of fraudulently understating his income tax liability. The government then brings a civil action against [the wife], [the husband's] spouse, to recover a civil penalty based upon the same tax return. The judgment in the criminal prosecution is not preclusive against [the wife] as to issues concerning [the wife's] liability for the penalty.

[¶ 33] The Tenth Circuit Court of Appeals has similarly recognized that spouses are separate and distinct income taxpayers even when they file joint tax returns. *Tavery v. United States,* 897 F.2d 1032, 1034 (10th Cir.1990). Consequently, a tax liability determination against one spouse is not preclusive against the other spouse in a subsequent case. *Id.* " '[A] wife who files a joint return with her husband is not a party privy to her husband in [income tax] litigation.' " *Id.* (quoting *Henry M. Rodney v. Commissioner of Internal Revenue,* 53 T.C. 287, 307, 1969 WL 1680 (1969)).

[¶ 34] Applying this rationale to the case at bar, we conclude, with regard to her individual liability for civil tax penalties, Evelyn was not in privity with Lee. Thus, Evelyn's claims against the appellees for wrongful conduct which resulted in civil tax penalties being assessed against her are not barred as a result of Lee's criminal conviction.

## B. Public Policy

[¶ 35] The district court also ruled public policy foreclosed the Wormans from sustaining their claims against the appellees. It relied upon *Feltner v. Casey Family Program*, 902 P.2d 206 (Wyo.1995), to support its ruling. In that case, Veronica and Doniv Feltner were Jason Feltner's parents. 902 P.2d at 207. All three Feltners sued the Casey Family Program after a jury convicted nineteen-year-old Jason of fourth-degree sexual assault for having sexual intercourse with a fourteen-year-old girl. 902 P.2d at 207–08. The Casey Family Program had placed the girl in the Feltners' home for foster care. *Id.* The Feltners alleged claims for recovery of damages resulting from Jason's conviction. 902 P.2d at 208.

[¶ 36] The district court dismissed the Feltners' claims, and this court affirmed. 902 P.2d at 207. We held public policy precludes a plaintiff from bringing suit to recover for injuries he sustained as a direct result of his own serious violation of the law. 902 P.2d at 208. We also affirmed the dismissal of the parents' claims which arose from their son's criminal conduct. 902 P.2d at 209. The opinion left the possibility open that independent claims may not be barred on public policy grounds. This court acknowledged the parents may have had an independent claim for breach of confidentiality which did not derive from Jason's criminal actions. 902 P.2d at 209. Nevertheless, we declined to consider the propriety of the district court's dismissal of that claim because the Feltners did not adequately brief the issue. 902 P.2d at 210.

[¶ 37] The *Feltner* decision unquestionably supports the dismissal of Lee's claims. Lee's injuries were a direct result of his illegal conduct. Public policy precludes judicial relief for " 'those injured in the course of committing a serious criminal act.' " 902 P.2d at 208 (quoting *Barker v. Kallash*, 63 N.Y.2d 19, 479 N.Y.S.2d 201, 468 N.E.2d 39, 41 (1984)). Similarly, *Feltner* also barred Evelyn's claims which derived from Lee's conviction. 902 P.2d at 209.

[¶ 38] Public policy does not, however, prevent Evelyn from presenting her independent claim for civil tax penalties and interest which she maintains the appellees' wrongful acts caused. Evelyn may have incurred civil tax penalties and interest even if Lee had not been convicted of the criminal act.

[¶ 39] Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.