**Mary Ann H. TAVERY, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 87–Z–180.**

United States District Court, D. Colorado.

Sept. 28, 1988.

Nunc Pro Tunc Aug. 11, 1988.

Mary Ann H. Tavery, Denver, Colo., pro se.

Dahil Goss, Asst. U.S. Atty., Denver, Colo., George P. Eliopolous, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

**AMENDED ORDER GRANTING UNITED STATES' MOTION FOR PARTIAL SUMMARY JUDGMENT**

WEINSCHIENK, District Judge.

This matter is before the Court on United States' Motion For Partial Summary Judgment. The question presented is whether plaintiff is precluded by principles of collateral estoppel from raising a claim in the present action which was decided by the United States Tax Court in a related action involving plaintiff's spouse.

In the present action, plaintiff seeks a refund for alleged tax deficiencies assessed against her and her husband, William T. Conklin, in the amount of $10,639.00. The alleged tax deficiencies relate to joint tax return filed by plaintiff and her husband

**1096**

for the calendar years 1979, 1980 and 1981. In assessing the deficiency, the Internal Revenue Service claimed *inter alia* that plaintiff and her husband were not entitled to certain deductions for "charitable contributions" claimed to have been made to the Church of World Peace.

Plaintiff and her husband responded to these notices of tax deficiency by initiating two separate proceedings. Mr. Conklin filed a petition in the United States Tax Court for a redetermination of the tax deficiencies for 1979, 1980, and 1981, while plaintiff initiated the present proceedings in this Court after satisfying the prerequisites of 28 U.S.C. § 1346. On July 18, 1988, the Tax Court rendered a decision in *Conklin v. Commissioner of Internal Revenue*, 91 T.C. 5 (July 18, 1988). In that decision, the Court ruled *inter alia* that Conklin was not entitled to deductions for charitable contributions claimed to have been made to the Church of World Peace, Inc. in the years 1979, 1980, and 1981.

In the present motion for partial summary judgment, defendant argues that plaintiff is precluded by principles of *res judicata* and/or collateral estoppel from raising the issue of the propriety of the deductions for charitable contributions made to the Church of World Peace, Inc. during the years in question. More specifically, defendant argues that plaintiff is in privity with her husband by virtue of their filing a joint return and the substantially identical nature of their interests in the Tax Court case. Consequently, defendant argues that plaintiff is precluded in the present case from raising the above issue, notwithstanding that plaintiff was not a nominal party to the Tax Court case.

Collateral estoppel operates to preclude "the relitigation of a fact or issue which was previously determined in a prior suit ... between the same parties or their privies." *St. Louis Baptist Temple v. F.D.I.C.*, 605 F.2d 1169, 1175 (10th Cir.1979). In the case at bar, collateral estoppel operates if defendant demonstrates that (1) the issue decided in the prior adjudication is identical to the one presented in the present action; (2) there was a final judg-

ment on the merits in the Tax Court case; (3) plaintiff was a party or in privity with a party in the prior proceeding; and (4) plaintiff had a full and fair opportunity to litigate the issue in the Tax Court case. *see Id., citing Pomeroy v. Waitkus*, 183 Colo. 344, 517 P.2d 396 (1974).

The major question in this case is whether plaintiff was in "privity" with her husband in the Tax Court case so that she is barred from relitigating in the present case the issue of deductibility of certain "charitable contributions." There is no hard and fast definition of privity which can be applied automatically in every case. Rather, the Court must examine the specific circumstances of each case to determine whether such privity exists which would permit the application of collateral estoppel. *Id.* at 1174; *see also Lowell Staats Mining Co. v. Philadelphia Electric Co.*, 651 F.Supp. 1364, 1365 (D.Colo.1987).

An analysis of the specific circumstances of the present case demonstrates that there was a sufficient identity of interest between plaintiff and Conklin in the Tax Court case to permit the application of collateral estoppel in the present case. The issues in both cases stem from federal income tax returns which plaintiff and Conklin filed jointly as husband and wife in all years in question. Tax liability of each spouse for jointly filed tax returns is joint and several. *See* 26 U.S.C. § 6013(d)(3). Consequently, the adjudication of the issue against Mr. Conklin in the Tax Court will have the identical effect against plaintiff by virtue of the joint and several liability provision of 26 U.S.C. § 6013(d)(3). The fact that plaintiff was not a nominal party to the Tax Court case does not alter or minimize plaintiff's liability for any judgment or determination reached by the Tax Court. Thus, the Court is satisfied that plaintiff "is a person whose interest, in substance if not formally, was at stake in the prior litigation." *St. Louis Baptist Temple v. F.D.I.C., supra.* at 1176, *quoting* 1 B. Moore's Federal Practice § 0.411[1] (2nd Ed. 1974).

Applying principles of collateral estoppel in this case is consistent with notions of

judicial economy and the policy favoring the certainty or finality of judgments. Collateral estoppel encourages reliance on judicial decisions rendered by courts such as the Tax Court which are well versed in tax issues. The deductibility of the contributions by plaintiff and her husband to the Church of World Peace, Inc. was determined by the Tax Court in a lengthy opinion. In fact, although the Tax Court noted that plaintiff was not a party to that action, it also stated that plaintiff and her husband had filed a joint return, and made repeated references to the "Conklins" throughout the opinion. Re-litigating the issue in this Court needlessly squanders judicial resources, promotes vexatious litigation, and improperly undercuts the authority of the Tax Court to decide matters relating to its specific expertise. Accordingly, it is

ORDERED that United States' Motion For Partial Summary Judgment is granted. It is

FURTHER ORDERED that Count One, Count Two and Count Three of plaintiff's Complaint are dismissed with prejudice on the ground that plaintiff is estopped from raising the issue of whether plaintiff was entitled to charitable deductions for charitable contributions claimed to have been made to the Church of World Peace, Inc. It is

FURTHER ORDERED that this case will proceed on Count Four only of plaintiff's Complaint.