Linda SANDERS, Plaintiff,

v.

**Ruth WILLIAMS, Defendant.**

**No. 98–WY–1965–WD.**

United States District Court,
D. Colorado.

June 11, 2001.

Order Denying Motion to Amend
June 10, 2001.

Linda Sanders, Lakewood, CO, pro se.

Philip Blondin, U.S. Dept. of Justice, Washington, DC, for Defendant.

### ORDER ON THE RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Downes, District Judge.

This matter comes before the Court on the Recommendation of the United States Magistrate Judge. The Court, having reviewed the Magistrate's Order, the Plaintiff's objections and other materials, and being otherwise fully advised in the premises, FINDS and ORDERS as follows:

### Background

This case was initiated by the Plaintiff on August 7, 1998. The Complaint names Ruth Williams, an individual who is a retired Internal Revenue Service employee, as the Defendant. The Plaintiff alleges the Defendant "gave testimony at an eviction hearing which evidence was to support the assertions that she had employed proper statutory procedures in the taking of Plaintiffs' property through an IRS auction, held in March of 1993." (Compl.¶ 4). Then, when setting forth a cause of action for "tortious misrepresentation," the Plaintiff asserts:

> Defendant misrepresented evidence on January 25, 1995, specifically the IRS "record 21" required by 26 USC 6340, to the exent (sic) that such misrepresentation resulted in theft of the Plaintiff's property title, illegal conversion of Plaintiffs (sic) Deed of Trust and interference with Plaintiff's mortgage contract on said property.

(Compl.¶ 10).

The "hearing" to which the Complaint refers was a part of a state eviction and quiet title action brought by the purchasers of a house once owned and occupied by Ms. Sanders. The Internal Revenue Service had filed a tax lien against the house, and the house was sold at a tax sale to satisfy Ms. Sander's unpaid tax liabilities. *Behr v. Burge,* 940 P.2d 1084, 1085 (Colo. App.1996), cert. denied, 522 U.S. 928, 118 S.Ct. 334, 139 L.Ed.2d 258 (1997). In *Behr v. Burge,* the state trial court ordered Ms. Sanders evicted from the house and quieted title to the property in the name of the parties who had purchased the house at the tax sale. *Id.* at 1086–89. The Colorado Court of Appeals affirmed the trial court's decision, rejecting a number of errors asserted by Ms. Sanders that were premised upon procedural irregularities under federal law. *Id.*

Ms. Sanders later filed a suit in United States District Court for the District of Colorado. *Sanders v. U.S.,* 77 AFTR2d 96–1836 (D.Colo.1996). Again, Ms. Sanders raised issues relating to the seizure and sale of her residence. The court granted summary judgment in favor of the United States. *Id.* at 96–1843. The court determined, based upon the previous state court case, that Ms. Sanders' claims were barred by the doctrine of collateral estoppel and, alternatively, that her claims were barred by the applicable statute of limitations. *Id.* at 96–1842.

The Complaint in the present case was first filed in District Court, Jefferson County, Colorado, but was removed to the United States District Court for the District of Colorado. Phillip E. Blondin, a Department of Justice attorney, entered an appearance on behalf of the Defendant and filed the notice of removal. The Plaintiff has consistently and vehemently objected to the removal of this action to federal court, asserting that jurisdiction was originally based upon "state Rule 60(b)," that no federal questions existed, that the United States had no standing and, alternatively, that if the federal court should have jurisdiction, then the judgment entered in the previous state court case was invalid. *See* Plaintiff's Objection to Removal. The United States Magistrate Judge to whom the case had been assigned entered an order concerning the propriety of removal on September 23,

1998. The Magistrate concluded that removal was proper under 28 U.S.C. § 1442(a)(1).

On September 28, 1998, the government filed a "Certification of Employment of Ruth Williams," which, in accordance with 28 U.S.C. § 2679(d)(1), stated that the Defendant was acting within the scope of her employment as an employee of the United States at the time of the alleged incidents. The Government simultaneously filed its "Notice of Substitution of United States as Defendant," as permitted under 28 U.S.C. § 2679(d)(1).

The United States, as substituted party, filed a Motion to Dismiss on October 16, 1998. The Motion was based upon FED. R.CIV.P. 12(b)(1) and 12(b)(6). The United States argued that the Plaintiff's action could not be maintained under the Federal Tort Claims Act ("FTCA"), that the Plaintiff's action should be dismissed because she had failed to pay sanctions in a previous action, and that the Plaintiff's action was barred by the doctrines of res judicata and collateral estoppel. The Plaintiff timely filed her Response to the Motion to Dismiss on October 22, 1998.

The dispositive motion was referred to the United States Magistrate Judge, as permitted by 28 U.S.C. § 636(b) and FED. R.CIV.P. 72(b). The Magistrate issued his recommendation on November 8, 2000. The Magistrate recommends that the Defendant's Motion to Dismiss be granted. The Plaintiff timely filed her objections to the Magistrate's recommendation on November 13, 2000. The Magistrate's recommendation, together with the objections thereto, are before the Court for consideration.[1]

**Standard of Review**

It is well settled that the district court "shall make a de novo determination upon the record ... of any portion of the magistrate's disposition to which specific written objection has been made." FED.R.CIV.P. 72(b). With this in mind, the Court will apply the well established principles relating to Rule 12(b)(1) and Rule 12(b)(6) motions in evaluating the Magistrate's recommendation and the objections thereto. The standard of review applied to a motion to dismiss for failure to state a claim is well-established. This Court must accept as true the Plaintiff's well-pleaded factual allegations and construe them in a light most favorable to plaintiff. *Maez v. Mountain States Tel. and Tel., Inc.*, 54 F.3d 1488, 1496 (10th Cir.1995). Dismissal for failure to state a claim is appropriate only if the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Id.* The Tenth Circuit Court of Appeals has stated that, at this stage, this Court's "function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir.1991). The Federal Rules of Civil Procedure create a strong presumption against rejection of pleadings for failure to state a claim. *Maez*, 54 F.3d at 1496.

**Discussion**

*Plaintiff's Previous Appeals from Rulings by the Magistrate Judge*

■ As a preliminary matter, the Court will consider whether this case was properly removed to federal court and whether

---

**1.** In addition, the Court will address the issues raised by the Plaintiff in her previous appeal from rulings by the United States Magistrate. The Plaintiff appealed from the Magistrate's rulings 1) denying the Plaintiff's motion to remand, 2) denying the Plaintiff's motion for an evidentiary hearing and, 3) denying the Plaintiff's motion to consolidate the present case with a separate state case.

Plaintiff's motion to remand was properly denied. This action was removed pursuant to 28 U.S.C. § 1442(a)(1), which provides that a civil action commenced in a State court may be removed to United States District Court if the action is commenced against:

> The United States or any agency thereof or *any officer* (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or *individual capacity* for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

*Id.* (Emphasis added).

There is no question that the act complained of is that the Defendant, acting in the course of her official duties as an IRS agent, gave allegedly false testimony regarding the seizure and sale of the Plaintiff's residence.

The Plaintiff has argued that the action was originally maintained under Rule 60(b) of the Colorado Rules of Civil Procedure. The Plaintiff also argues that the Defendant was acting outside of her official capacity when she allegedly gave false testimony. These arguments are not effective. Regardless of whether the action was brought under Rule 60(b), it is a civil action maintained against an officer of the United States who is being sued in her individual capacity. Furthermore, there is no proof that the Defendant acted outside the scope of her duties by giving false testimony. It is the Plaintiff's burden in this case to prove that perjury occurred. There is no dispute that the Defendant testified in the state quiet title action as a part of her official duties as an IRS agent. Removal was proper under 28 U.S.C. § 1442(a)(1).

■ The Plaintiff also appeals from the Magistrate's decision to deny her an evidentiary hearing regarding the Defendant's employment. The Plaintiff has pointed to no legal authority or issue of fact that would entitle her to an evidentiary hearing on whether or not the Defendant was acting within the scope of her employment and whether or not the "Certificate of Employment" was properly issued under 28 U.S.C. § 2679(d)(1). The decision whether to certify employment under 28 U.S.C. § 2679(d)(1), and the substitution of the United States as a party under the same section, lies with the Attorney General. The Court will not disturb that executive decision. Therefore, the request for an evidentiary hearing was properly denied by the Magistrate.

■ Lastly, the Plaintiff's argument that the underlying state case should be removed and consolidated with the present case is also incorrect. The Plaintiff misunderstands 28 U.S.C. § 1367. That statute provides that, when the federal district court has original jurisdiction over a civil action, then it also has supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." The Plaintiff asks the Court to remove a state court eviction and quiet title action in which she is a defendant and consolidate it with an action in which she has sued a federal officer. Although the Plaintiff's current case stems from testimony given in the state court case, these claims are simply not a part of the same case or controversy. The state court case has been resolved except for the issue of damages. In essence, the Plaintiff is asking the Court for an opportunity to re-litigate previously decided issues from the state case. That is not the purpose of 28 U.S.C. § 1367, and the Plaintiff's motion was properly denied by the Magistrate.

*The Plaintiff's Objections to the Magistrate's Recommendation on Defendant's Motion to Dismiss*

The Plaintiff raises three specific objections to the Magistrate's Recommendation. The Plaintiff's objections are summarized as follows: 1) sovereign immunity does not apply, and the Plaintiff is entitled to damages under 26 U.S.C. §§ 7432, 7422; 2) collateral estoppel does not apply because the present action is based upon a fraud discovered in April, 1998, and was not previously adjudicated; and 3) the Plaintiff was not sanctioned in *Allen and Sanders v. U.S.*, 93–N–2463 (D.Colo.), and she should not be dismissed. In addition, the Plaintiff asserts that the Magistrate's Recommendation serves to "suppress evidence" and further "obstruct justice."

The Magistrate found that the United States has not waived its sovereign immunity with regard to the Plaintiff's claim. Citing *U.S. v. Mitchell*, 445 U.S. 535, 538, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980), the Magistrate correctly found that the United States "is immune from suit save as it consents to be sued." The Magistrate concluded that, to the extent the Plaintiff's suit states a tort claim, her exclusive remedy is under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671, et seq. Under the FTCA the federal courts do not have subject matter jurisdiction over a claim against the United States concerning the assessment or collection of any tax. *Capozzoli v. Tracey*, 663 F.2d 654 (5th Cir.1981).

The Plaintiff contends that she is entitled to statutory remedies under 26 U.S.C. §§ 7432 and 7422. However, these sections of the Internal Revenue code are inapplicable to the case at bar. Title 26 U.S.C. § 7432 provides a cause of action in a United States District Court against the United States where it is alleged that an "officer or employee of the Internal Revenue Service knowingly, or by reason of negligence, fail[ed] to release a lien under section 6325 on property of the taxpayer." Title 26 U.S.C. § 7422 provides a cause of action only after a refund has been sought from the IRS. Clearly, neither of these statutes applies to the present case, where the Plaintiff has alleged tortious conduct on the part of an IRS employee, but has neither tied that conduct to the failure to release a lien, nor has demonstrated that a refund has been sought. Therefore, the court must reject the Plaintiff's objection, and finds that the magistrate's ruling was correct on the issue of sovereign immunity.

The Magistrate also concluded that the current action was barred by the doctrine of collateral estoppel. The Magistrate characterized Ms. Sanders' claim as one designed to challenge the propriety of the sale of her house by the IRS as a means of collecting taxes owed by Ms. Sanders. The doctrine of collateral estoppel precludes a party from re-litigating issues that were actually decided in a prior action. *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979). The doctrine of collateral estoppel applies when:

> (1) the issue previously decided is identical with the one presented in the action in question; (2) the prior action has been finally adjudicated on the merits; (3) the party against whom the doctrine is invoked was a party or in privity with a party to the prior adjudication; and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.

*Delta Rocky Mountain Petroleum, Inc. v. United States Dept. of Defense*, 726 F.Supp. 278, 281 (D.Colo.1989).

Applying the above principles, the Magistrate concluded that the propriety of the sale of Ms. Sanders' house had been previously adjudicated. *Behr v. Burge*, 940 P.2d 1084, 1085 (Colo.App.1996). The

Magistrate also concluded that the issue of collateral estoppel had been previously adjudicated. *Sanders v. U.S.*, 77 AFTR2d 96–1838 (D.Colo.1996). The Magistrate found that the doctrine of collateral estoppel also barred the present action.

The Plaintiff has objected, not to the Magistrate's application of the elements of collateral estoppel, but to the Magistrate's characterization of the Plaintiff's claim in this suit. The Plaintiff argues that this case involves a fraud that was only discovered in April of 1998 and that, therefore, it could not have been the subject of a previous lawsuit. She again argues that this suit is an independent action brought under C.R.C.P. 60(b). Rule 60(b) provides:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1) and (2) not more than six months after the judgment, order, or proceeding was entered or taken. A motion under this section (b) does not affect the finality of a judgment or suspend its operation. This Rule does not limit the power of a court: (1) To entertain an independent action to relieve a party from a judgment, order, or proceeding, or (2) to set aside a judgment for fraud upon the court; or (3) when, for any cause, the summons in an action has not been personally served within or without the state on the defendant, to allow, on such terms as may be just, such defendant, or his legal representatives, at any time within six months after the rendition of any judgment in such action, to answer to the merits of the original action.

The Plaintiff's reliance on C.R.C.P. 60(b) in the context of the present case actually confirms to the Court that it is the Plaintiff's intention to alter or set aside the judgment previously rendered in state court. However, Ms. Sanders did not move the state court for relief from the judgment.[2] Ms. Sanders did not institute a separate action in which she sought relief from the judgment that was awarded to the plaintiffs in the state suit. Instead, Ms. Sanders initiated an action against the Defendant in the present case, which asserted a cause of action for "tortious misrepresentation."

Ms. Sanders again attempts to claim that the sale of her property was not conducted in accordance with statutory procedures. This time Ms. Sanders alleges that the state court proceeding was flawed because Ms. Williams falsely testified that statutory procedures had been followed in the sale of Ms. Sanders' residence. Ms. Sanders alleges that Ms. Williams' testimony was shown to be false at a hearing

---

**2.** In fact, the record reveals that the Plaintiff never perfected an appeal of the state judgment through the Colorado appeals process. Instead, after the Colorado Court of Appeals affirmed the state district court, the Plaintiff sought certiorari before the United States Supreme Court. *See Sanders v. Behr*, 522 U.S. 970, 118 S.Ct. 421, 139 L.Ed.2d 323 (1997) (cert. denied); 522 U.S. 1049, 118 S.Ct. 694, 139 L.Ed.2d 639 (1998) (cert.denied); *reh'rg denied* 523 U.S. 1013, 118 S.Ct. 1207, 140 L.Ed.2d 333 (1998).

conducted April 14, 1998, before a subcommittee of the United States Senate. However, the "new evidence" relied upon by the Plaintiff is anything but new. The IRS practices "disclosed" at the Senate subcommittee hearing were all practices that could have been discovered and used to cross-examine Ms. Williams during the state court eviction and quiet title action.

While the Plaintiff continues to dislike the outcome of the state court proceeding, the reality is that her claim that the IRS utilized improper procedures to seize and sell her house was fully litigated in state court. The Court must, as did the court in *Sanders v. U.S.*, 77 AFTR2d 96–1838 (D.Colo.1996), conclude that the elements of collateral estoppel exist and that Ms. Sanders is precluded from re-litigating the issue of whether the sale of the real property was handled in a manner in accordance with law. Because the Court has concluded that the Plaintiff's case is barred by both sovereign immunity and the doctrine of collateral estoppel, it need not address the separate issue of whether Ms. Sanders' suit should be barred for failure to pay a previous sanction.

Ms. Sanders' letter of May 7, 2001, which represents an *ex parte* communication to the Court, has, at the Court's instruction, been filed of record in this proceeding. While the Plaintiff has every right to inquire about the status of her case, this should only be done with full knowledge of the Defendant. It is regrettable that this matter has languished on the Court's docket to the degree it has and, therefore, the Court accepts the Plaintiff's complaint concerning the delay as constructive criticism. Unfortunately, the Plaintiff then resorts to inappropriate invective of a kind that would land any lawyer in jail for contempt. The Court appreciates that the Plaintiff is deeply distressed about the events that gave rise to this lawsuit and, therefore, chooses to excuse her invective as an unfortunate choice of words. The Court urges the Plaintiff to be more careful in her choice of words the next time she corresponds with a federal court.

In the letter, the Plaintiff asserts that the Court has "impeded [her] case and obstructed justice for just about three years now." The Plaintiff further asserts that the Court should recuse itself and that the case should be turned over to a "judge who is not afraid of the IRS, nor the DOJ." To the extent this letter can be considered a motion to recuse, it is denied. The Plaintiff has not raised any serious question as to the Court's integrity or the propriety of its presiding over this case. While the Plaintiff will likely perceive a cause and effect relationship between her May 7 letter and the Court's order, the timing of the two is coincidental, as the Court had already invested work in the order before receiving the letter.

As a last aside, the Court observes that the present action is three cases too late. The Court makes this observation only to illustrate to the Plaintiff that, had she retained able counsel at an early stage of the state court proceedings, this litigation may have proceeded in a very different way. Instead, by proceeding *pro se*, the Plaintiff finds her case barred before this Court due to her haphazard handling of her previous two lawsuits.

Therefore, it is hereby

**ORDERED** that the Magistrate's Recommendation is adopted, and the Defendant's Motion to Dismiss is GRANTED.

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

SCHLATTER, United States Magistrate Judge.

This matter is before the Court on the defendant's Motion to Dismiss, filed Octo-

ber 16, 1998, and the plaintiff's Motion to Amend Complaint, filed January 4, 2000. Under 28 U.S.C. § 636(a) and (b) and FED. R.CIV.P. 72(a) and (b), this matter has been referred to Magistrate Judge O. Edward Schlatter. The parties' rights to seek review or reconsideration of this Recommendation, by filing objections within ten days, are attached hereto, and are entitled "Advisement Under Fed.R.Civ.P. 72." For the reasons discussed below, I recommend that the Motion to Amend Complaint be DENIED, that the Motion to Dismiss be GRANTED, and that the plaintiff's Complaint be DISMISSED.

A complaint may be dismissed for failure to state a claim on which relief can be granted under FED.R.CIV.P. 12(b)(6). Such a dismissal is proper only when, accepting the plaintiff's allegations as true, it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations. *Barrett v. Tallon*, 30 F.3d 1296, 1299 (10th Cir.1994). The plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction, because her claim is barred by collateral estoppel, and because she has failed to pay a monetary sanction imposed upon her by this Court in another case.

In her Complaint, the plaintiff, Linda Sanders, names an individual, Ruth Williams, as the defendant. Ms. Sanders claims Ms. Williams "gave testimony at an eviction hearing which evidence was to support the assertions that she had employed proper statutory procedures in the taking of Plaintiff's property through an IRS auction, held in March of 1993." Complaint, ¶ 4. According to the plaintiff, Ms. Sanders

> misrepresented evidence on January 25, 1995, specifically the IRS "Record 21" required by 26 USC 6340, to the extent that such misrepresentation resulted in theft of the Plaintiff's property title, illegal conversion of Plaintiffs (sic) Deed of

Trust and interference with Plaintiff's mortgage contract on said property.

Complaint, ¶ 10. Ms. Sanders alleges that Ms. Williams is "an individual, retired from the IRS." Complaint, ¶ 3.

The hearing Ms. Sanders describes was part of an eviction and quiet title action brought by purchasers of a house once owned and occupied by Ms. Sanders. The Internal Revenue Service had filed a tax lien against the house, and the house was sold at a tax sale to satisfy Ms. Sander's unpaid tax liabilities. *Behr v. Burge*, 940 P.2d 1084, 1085 (Colo.App.1996), cert. denied, 522 U.S. 928, 118 S.Ct. 334, 139 L.Ed.2d 258 (1997). The state court proceedings also are described in some detail in Judge Sparr's opinion in *Sanders v. U.S.*, 77 AFTR2d 96–1838 (D.Colo.1996) (attached to Motion to Dismiss). In *Behr v. Burge*, the state trial court authorized the eviction of Ms. Sanders from the house, and quieted title in the name of the parties who purchased the house at the tax sale. *Id.*, 1086–89.

### I. PROPER DEFENDANT

The defendant, Ms. Williams, testified in state court concerning procedures used by the IRS leading to the tax sale of Ms. Sanders' house. Ms. Williams is a retired IRS employee who had some involvement in the collection of taxes against Ms. Sanders. There is no question that Ms. Sanders' claim against Ms. Williams arose as a result of Ms. Williams' actions as an employee of the IRS, part of the United States government. Again, Ms. Sanders' claims Ms. Williams falsely testified that "she had employed proper statutory procedures in the taking of Plaintiff's property through an IRS auction ..." Complaint, ¶ 4.

 On October 6, 1998, the United States filed a Notice of Substitution of United States as Defendant. Under 28

U.S.C. § 1346(b) and § 2679, the United States is the only proper defendant in an action to recover for harm suffered due to "the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 2679(b)(1). Further, an action against the United States is "exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim ..." *Id.* In short, if Ms. Williams committed any sort of wrong in the course of the proceedings by the IRS to seize and sell Ms. Sanders' house, or in testifying about those proceedings, Ms. Sanders' sole remedy is an action against the United States. Ms. Sanders' argument that Ms. Williams somehow was acting outside of the scope of her employment when she testified in state court is unpersuasive.

## II. SUBJECT MATTER JURISDICTION & SOVEREIGN IMMUNITY

The United States moves to dismiss for lack of subject matter jurisdiction, arguing that the United States has not waived sovereign immunity as to the plaintiffs' claim.

> It is elementary that "[t]he United States, as sovereign, is immune from suit save as it consents to be sued ...", and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 769–770, 85 L.Ed. 1058 (1941). A waiver of sovereign immunity "cannot be implied but must be unequivocally expressed." *United States v. King*, 395 U.S. 1, 4, 89 S.Ct. 1501, 1503, 23 L.Ed.2d 52 (1969).

*U.S. v. Mitchell*, 445 U.S. 535, 538, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980). To maintain a suit against the United States, a plaintiff must show a waiver of sovereign immunity.

Ms. Sanders has not shown a waiver of sovereign immunity as to her claim. The Court knows of no waiver of sovereign immunity applicable to a suit, such as this one, concerning the assessment and collection of taxes. To the extent Ms. Sanders' claim can be viewed as a tort claim, her exclusive remedy is under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671, et seq. However, under the FTCA, the Court does not have subject matter jurisdiction over a claim against the United States concerning the assessment or collection of any tax. *Capozzoli v. Tracey*, 663 F.2d 654 (5th Cir.1981). The defendant's Motion to Dismiss should be granted because the United States is shielded by sovereign immunity and this Court does not have subject matter jurisdiction over Ms. Sanders' claim.

## III. COLLATERAL ESTOPPEL

Although Ms. Sanders characterizes her claim as a claim for "tortious misrepresentation," the essence of her claim here is a challenge to the propriety of the sale of her house by the IRS as a means of collecting taxes owed by Ms. Sanders. Ms. Sanders claims that Ms. Williams allegedly provided false testimony concerning IRS seizure procedures which permitted the state court to conclude that the tax sale was proper, resulting in a finding that the purchasers at the tax sale were the rightful owners of the property. In essence, Ms. Sanders' claim here is a challenge to the propriety of the IRS' seizure of Ms. Sanders' house. Ms. Sanders previously has challenged the IRS' seizure and sale procedures in the state court action, and the state court ruled that the required procedures were followed. Ms. Sanders also has challenged the IRS' seizure and sale procedures in at least one other case in this court, discussed below. The defen-

dant argues that Ms. Sanders' claim in this case is barred by the doctrine of collateral estoppel.

The doctrine of collateral estoppel precludes a party from re-litigating issues that were actually decided in a prior action. *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979). Collateral estoppel may only be applied if:

> (1) the issue previously decided is identical with the one presented in the action in question; (2) the prior action has been finally adjudicated on the merits; (3) the party against whom the doctrine is invoked was a party or in privity with a party to the prior adjudication; and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.

*Delta Rocky Mountain Petroleum, Inc. v. United States Department of Defense*, 726 F.Supp. 278, 281 (D.Colo.1989); *see also, Tavery v. United States*, 695 F.Supp. 1095, 1096 (D.Colo.1988), *rev'd on other grounds, Tavery v. United States*, 897 F.2d 1032 (10th Cir.1990).

Ms. Sanders' claim that the IRS utilized improper procedures to seize and sell her house was fully litigated in the state court action. *Behr v. Burge*, 940 P.2d 1084, 1085 (Colo.App.1996), cert. denied, 522 U.S. 928, 118 S.Ct. 334, 139 L.Ed.2d 258 (1997). The question of whether Ms. Sanders is collaterally estopped from further challenging the propriety of the IRS seizure and sale of her house in other court actions was thoroughly and carefully discussed by Judge Sparr in his opinion in *Sanders v. U.S.*, 77 AFTR2d 96–1838 (D.Colo.1996). Judge Sparr noted that Ms. Sanders claimed in the state court case that the IRS had violated various procedural requirements in selling her house. *Sanders*, 77 AFTR at 96–1841. As noted above, the state court concluded that the applicable procedures were followed adequately. Ms.

Sanders challenged these procedures again in the case before Judge Sparr. In the end, Judge Sparr ruled that "the elements of collateral estoppel exist and (Ms. Sanders is) precluded from re-litigating the issue of whether the sale of the real property was handled in a manner in accordance with the law." *Id.* at 96–1842.

In the present case, Ms. Sanders yet again attempts to assert a cause of action based on her claim that the sale of her real property by the IRS was not handled in accordance with the law. For precisely the same reasons detailed by Judge Sparr, collateral estoppel bars Ms. Sanders from asserting this claim yet again in the present case.

### IV. FAILURE TO PAY SANCTIONS

On May 12, 1994, this Court imposed a monetary sanction against Linda Sanders in the amount of $1,307.96. *Fran Allen and Linda Sanders v. U.S.*, 93–N–2463 (D.Colo. May 11, 1994, Order imposing Rule 11 sanctions) (attached to Motion to Dismiss). The defendant argues that this case should be dismissed because Ms. Sanders has not paid the sanction imposed on her in that case. Ms. Sanders makes no representation that she has paid this sanction.

> Courts have inherent power to dismiss actions for nonpayment of costs in prior actions. *Hacopian v. U.S. Dep't of Labor*, 709 F.2d 1295, 1297 (9th Cir.1983). This power also extends to a litigant's failure to pay previously imposed sanctions. *See Schiff v. Simon & Schuster, Inc.*, 766 F.2d 61, 62 (2nd Cir.1985) (per curiam) ("To make the sanction effective and thereby protect the processes of a court from abuse, a litigant against whom Rule 38 sanctions have been imposed must comply with those sanctions before being permitted to pursue new matters in that court.")

*Hymes v. U.S.,* 993 F.2d 701, 702 (9th Cir.1993). Ms. Sanders' failure to pay the monetary sanctions imposed on her in 1994 is a further reason to dismiss her present baseless Complaint.

## V. MOTION TO AMEND COMPLAINT

■ On January 4, 2000, Ms. Sanders filed a Motion to Amend Complaint, and a proposed Amended Complaint. Predictably, the Amended Complaint makes further allegations about mistakes made by Ms. Williams "while collecting tax from" Ms. Sanders. Amended Complaint, ¶ 12. The proposed Amended Complaint contains nothing that changes the essential nature of Ms. Sanders' claim in this case.

■ *FED.R.CIV.P.* 15(a) requires that leave to amend a pleading freely be given when justice so requires. Amendments are generally allowed except where well-defined exceptions apply. The most notable exceptions are considered when there is a showing of undue delay, undue prejudice to the opposing party, or when the amendment would be futile. *See, e.g., Castleglen, Inc. v. Resolution Trust Corp.,* 984 F.2d 1571, 1585 (10th Cir.1993). Generally, an amendment is considered to be futile when it would be subject to dismissal in the face of a motion to dismiss.

For all of the reasons discussed in this Recommendation, Ms. Sanders' proposed Amended Complaint would be subject to dismissal. Ms. Sanders' proposed amendment of her Complaint would be futile. The Motion to Amend should be denied.

THEREFORE IT IS RECOMMENDED that the defendant's Motion to Dismiss, filed October 16, 1998, be GRANTED, and that the Complaint and this action be DISMISSED WITH PREJUDICE.

FURTHER IT IS RECOMMENDED that the plaintiff's Motion to Amend Complaint, filed January 4, 2000, be DENIED.

FURTHER IT IS RECOMMENDED that any other pending motions be DENIED AS MOOT.

Nov. 8, 2000.

### ORDER ON PLAINTIFF'S MOTION FOR AMENDMENT OF FINDINGS OF FACT AND CONCLUSIONS OF LAW

DOWNES, District Judge.

This matter comes before the Court on the Plaintiff's Motion for Amendment of Findings of Fact and Conclusions of Law. The Court, having reviewed the Motion and its attachments, and otherwise being fully advised in the premises, hereby FINDS and ORDERS as follows:

The Plaintiff's Motion requests relief from the Court's Order entered May 23, 2001, adopting the Recommendation of the United States Magistrate and granting the Defendant's Motion to Dismiss. The Plaintiff has identified several findings she alleges are factually inaccurate and requests that the Court reconsider its ruling and deny the Defendant's Motion to dismiss. The Plaintiff's contentions lack any merit whatsoever and do not warrant discussion. Therefore, it is hereby

**ORDERED** that the Plaintiff's Motion for Amendment of Findings of Fact and Conclusions of Law is DENIED.